*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 04a0352p.06

# UNITED STATES COURTS OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

     *Plaintiff-Appellee,*

    *v.*

JON CLARK PENSYL,

     *Defendant-Appellant.*

No. 03-4468

---

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 02-00072—Edmund A. Sargus, Jr., District Judge.

Argued: September 17, 2004

Decided and Filed: October 15, 2004

Before: KENNEDY and COOK, Circuit Judges; HOOD, District Judge.[*]

---

## COUNSEL

**ARGUED:** Patrick S. Sampair, Phoenix, Arizona, for Appellant. Brian Galle, TAX DIVISION, DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Patrick S. Sampair, Phoenix, Arizona, for Appellant. Brian Galle, Alan Hechtkopf, Robert E. Lindsay, TAX DIVISION, DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

---

## OPINION

---

KENNEDY, Circuit Judge. Defendant Jon Pensyl appeals his conviction and sentence arguing that the district court erred in its instructions to the jury when it allowed them to consider the reasonableness of Pensyl's beliefs in their deliberations on willfulness. Defendant also objects to a portion of the jury instructions that he claims confused the jury. The instructions in question established good faith as a defense to the crime of tax evasion while simultaneously reminding the jury that ignorance of the law is traditionally no bar to a criminal conviction. Because we find no reversible error in the instructions, we **AFFIRM** defendant's conviction and sentence.

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

**BACKGROUND**

A jury convicted Pensyl on three counts of attempted tax evasion under 26 U.S.C. §7201. The district court sentenced defendant to thirty months of imprisonment and three years of supervised release. Defendant appeals his conviction on the grounds that the jury instructions contaminated his right to a fair trial under the Sixth Amendment of the Constitution.

At trial, the evidence demonstrated that Pensyl did not file personal state or federal income tax returns for the tax years 1995 through 1997 despite having taxable income of well over $100,000 in each of those years (including $316,323 in taxable income in 1997). Defendant also failed to withhold payroll taxes for employees of his dental practice during that same period. Enough evidence was also presented to allow the jury to draw conclusions as to whether Pensyl acted wilfully.

Pensyl presented the so-called "good faith" defense. He principally argued that he did not know that he was liable for income taxes, because his independent research into the tax code did not establish to his satisfaction that he was obliged to pay income tax. As a result, defendant argued that his failure to pay income tax was not a willful failure, as required by §7201, thus, he was not guilty of attempted tax evasion.

Defendant objects to jury instructions that allowed the jury to consider the reasonableness of his belief in determining whether his actions were willful. Defendant also objects to a portion of the jury instructions that he claims confused the jury by establishing good faith as a defense to the crime of tax evasion while simultaneously reminding the jury that ignorance of the law is traditionally no bar to a criminal conviction. Defendant appealed no other aspect of his conviction or sentence.

**ANALYSIS**

A.      Standard of Review

In reviewing a properly preserved jury instruction, we must determine "whether the charge, taken as a whole, fairly and adequately submits the issues and applicable law to the jury." *U.S. v. Zidell*, 323 F.3d 412, 427 (6th Cir. 2003); *U.S. v. Martin*, 740 F.2d 1352, 1361 (6th Cir. 1984). We will not reverse the trial court unless the jury charge "'fails accurately to reflect the law.'" *United States v. Layne,* 192 F.3d 556, 574 (6th Cir. 1999) (quoting *United States v. Busacca,* 863 F.2d 433, 435 (6th Cir. 1988)). We may reverse a judgment based on an improper jury instruction "only if the instructions, viewed as a whole, were confusing, misleading, or prejudicial." *United States v. Harrod*, 168 F.3d 887, 892 (6th Cir. 1999) (quoting *Beard v. Norwegian Caribbean Lines*, 900 F.2d 71, 72-73 (6th Cir. 1990)). No single provision of the instructions can be reviewed in isolation; we must consider the charge as a whole. *United States v. Lee, 991 F.2d 343, 350 (6th Cir. 1993)* (quoting *United States v. Horton*, 847 F.2d 313, 322 (6th Cir. 1988)); *U.S. v. Prince*, 214 F.3d 740, 760-61 (6th Cir. 2000).

B.      Reasonable belief

To convict a defendant of tax evasion, the government must prove three distinct elements. The first two elements are not relevant here. The third element requires that a defendant act willfully. 26 U.S.C. §7201. Willful action occurs when a defendant voluntarily and knowingly violates a known legal duty. *Cheek v. U.S.*, 498 U.S. 192, 201 (1991). Actions taken in good faith cannot be willful. Therefore, if a person honestly, but incorrectly believes that they are not obliged to pay income taxes, they are not guilty of tax evasion because the willfulness element is not present.

In *Cheek*, the U.S. Supreme Court held that an unreasonable belief could negate willfulness. *Cheek*, 498 U.S. at 203. The court determined that an instruction that precluded a jury from considering unreasonable beliefs impermissibly transformed factual judgments of knowledge and belief into legal judgments. *Id*. Such a transformation deprived the jury of its fact-finder role. *Id*. The Supreme Court, thus,

left to the jury the decision of whether a defendant was willful and whether the professed belief was so unreasonable that it was unlikely the defendant truly believed it.  *See id.* at 203-204.

In this case, defendant argues that by allowing the jury to consider the reasonableness of defendant's belief as a factor in determining whether the defendant actually held and acted upon that belief, the judge's instructions[1] were contrary to the Supreme Court's holding in *Cheek.*  However, there is a substantial difference between a judge telling the jury that an unreasonable belief does not negate willfulness, as occurred in *Cheek*, and a judge instructing the jury that they could consider reasonableness in their evaluation of a defendant's good faith defense.  The instructions in this case fall into the second category.

The instructions differ substantially from the ones in *Cheek.*  In this case, the judge only instructed the jury that they could consider the reasonableness of defendant's belief as a factor in determining whether the defendant actually held and acted upon that belief.  The district court also reminded the jury that a farfetched belief is less likely to be an honest belief.  Unlike the court in *Cheek*, however, it did not preclude the jury from finding that a farfetched belief was still an honest one.  This reminder is distinctly different from the instruction given in *Cheek* which flatly instructed the jury that an unreasonable belief is not a defense to willfulness.[2]

The difference between these two cases comes from the amount of freedom left to the jury.  In *Cheek*, the judge took away the jury's freedom to decide the case on the issue of willfulness.  In this case, the jury still retains that freedom.  The instructions merely inform them as to the state of the law.   The Court was principally concerned about this level of jury freedom in *Cheek*.  While defendant may prefer that no court instructs on reasonableness of belief in cases such as this, such a result is not demanded by the statute, by *Cheek*, or by common sense.

Our holding today is consistent with the holdings of several other circuits. *U.S. v. Hilgeford*, 7 F.3d 1340 (7th Cir. 1993); *see U.S. v. Barnett*, 945 F.2d 1296, 1299 (5th Cir. 1991) (contrary to defendant's claim, the absence of the word "reasonable" from the jury instructions in *Barnett* does not distinguish it from this case); *see also U.S. v. Lussier*, 929 F.2d 25, 31 (1st. Cir. 1991) (citing *U.S. v. Aitken*, 755 F.2d 188, 191-

---

[1]The full instruction in question is as follows:

A defendant does not act willfully if he believes in good faith that he is acting within the law or that his actions comply with the law.  This is so even if the defendant's belief was not reasonable as long as he held the belief in good faith.  The reasonableness of a belief is a factor for the jury to consider in determining whether the defendant actually held a belief and acted upon it.  The more farfetched a belief is, the less likely it is that a person actually held or would act on that belief.

If a defendant acts without reasonable grounds for the belief that his conduct is lawful, it is for the jury to decide whether that person is acting in good faith in order to comply with the law or whether that person has willfully violated the law.  A defendant who knows that the law – who knows what the law is [sic] and who disagrees with it does not have a good faith misunderstanding defense.  Neither a defendant's disagreement with the law nor his personal belief that such law is unconstitutional, no matter how earnestly he holds those views, can constitute the defense of good faith, misunderstanding or mistake.  It is the duty of all citizens to obey the law whether they agree with it or not.  Dist. Court at IX-200-201, Apx. p. 91-92.

[2]The Supreme Court summarized the instruction to which it objected as follows:

At the end of the first day of deliberation, the jury sent out another note saying that it still could not reach a verdict because "'we are divided on the issue as to if Mr. Cheek honestly & reasonably believed that he was not required to pay income tax.'"  When the jury resumed its deliberations, the District Judge gave the jury an additional instruction.  This instruction stated in part that "an honest but unreasonable belief is not a defense and does not negate willfulness," and that "advice or research resulting in the conclusion that wages of a privately employed person are not income or that the tax laws are unconstitutional is not objectively reasonable and cannot serve as the basis for a good faith misunderstanding of the law defense."  *Cheek*, 498 U.S. at 197-98 (internal citations omitted).

93 (1st Cir. 1985) and reaffirming the rule of the First Circuit that willfulness requires a subjective inquiry conducted by a fact finder).[3]    The instructions here, measured under the appropriate standard, do not misstate the law, nor were they so confusing, misleading, or prejudicial to require reversal.

C.    Confusion of the jury[4]

Defendant focuses further on one particular instruction that he asserts is contradictory of other instructions issued by the judge.  The instruction in question first instructs the jury that:

> The good faith of the defendant Jon Pensyl is a defense to charges one through three of the indictment, because good faith is inconsistent with acting willfully as required before a person – as required before a person may be convicted of tax evasion.  [sic]  While good faith has no precise meaning, it encompasses among other things an honest intention, an absence of malice and an intent to perform all legal obligations.  Dist. Court at TR IX-200, Apx. p. 91.

The instruction to which defendant objects comes in the next sentence which says:  "As a general rule, ignorance of the law or mistake of the law is no defense to a criminal prosecution."  *Id.*  Defendant argues that those two instructions are contradictory and thus confusing and misleading.

If the judge had stopped there, the instructions might have confused a jury.  However, in the next sentence, the judge continued:  "A defendant does not act willfully if he believes in good faith that he is acting within the law or that his actions comply with the law.  This is so even if the defendant's belief was not reasonable as long as he held the belief in good faith."  *Id.*  This last sentence, in combination with the prior two, links the concepts of good faith, ignorance of the law, and willfulness in a reasonably clear and straightforward manner.  Looking at the instructions as a whole, as we are obliged to do, we conclude defendant's argument on this second point has no merit.

**CONCLUSION**

The district court's judgment is **AFFIRMED**.

---

[3] This result is consistent with a result reached by this circuit in  *U.S. v. Boling*, 837 F.2d 477 (6th Cir. 1988) (an unpublished decision).  While it is true that *Boling* was decided prior to *Cheek*, we do not believe that the concerns *Cheek* raised are relevant in *Boling*, nor do we believe that they are relevant here.

[4] We assume without deciding that defendant properly objected to the statements and preserved them for appeal.