[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 22, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16654
Non-Argument Calendar

_____

D. C. Docket No. 04-80050-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REGINALD B. KNIGHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 22, 2006)

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Reginald Knight appeals his criminal tax convictions for conspiring to defraud the United States through a false claim for a tax refund and filing a fraudulent claim for a tax refund, in violation of 18 U.S.C. §§ 286, 287. Knight asserts the district court erred in instructing the jury that a good-faith belief his actions were lawful does not have to be objectively reasonable, but the jury may consider the reasonableness of his belief, along with all the other evidence, in assessing the defense. The district court did not err, and we affirm.

"We apply a deferential standard of review to a trial court's jury instructions." *United States v. Puche*, 350 F.3d 1137, 1148 (11th Cir. 2003). We review jury instructions de novo "to determine whether they misstate the law or mislead the jury to the prejudice of the objecting party." *Brochu v. City of Riviera Beach*, 304 F.3d 1144, 1155 (11th Cir. 2002) (internal quotation marks omitted). "Under this standard, we will only reverse if we are left with a substantial and eradicable doubt as to whether the jury was properly guided in its deliberations." *Puche*, 350 F.3d at 1148. "When the jury instructions, taken together, accurately express the law applicable to the case without confusing or prejudicing the jury, there is no reason for reversal even though isolated clauses may, in fact, be confusing, technically imperfect, or otherwise subject to criticism." *United States v. Beasley*, 72 F.3d 1518, 1525 (11th Cir. 1996).

2

In *Cheek v. United States*, 111 S. Ct. 604 (1991), the Supreme Court stated the specific intent of willfulness in criminal tax cases "requires the Government to prove that the law imposed a duty on the defendant, that the defendant knew of this duty, and that he voluntarily and intentionally violated that duty." *Id.* at 610. The Government must also negate any claim by the defendant that he had a good-faith belief he was not violating any duty imposed by the tax laws. *Id.* The Supreme Court rejected the idea a defendant's good-faith belief must be objectively reasonable in order to constitute an affirmative defense to a willful violation of a legal duty. *Id.* at 611-12. Nevertheless, the Supreme Court noted "the more unreasonable the asserted beliefs or misunderstandings are, the more likely the jury will consider them to be nothing more than simple disagreement with known legal duties imposed by the tax laws and will find that the Government has carried its burden of proving knowledge." *Id.*

In a case decided soon after *Cheek*, we stated "[i]t is thus highly probative for the defense to show that the defendant's belief–whether or not mistaken–was reasonable; evidence of a belief's reasonableness tends to negate a finding of willfulness and to support a finding that the defendant's belief was held in good faith." *United States v. Lankford*, 955 F.2d 1545, 1550-51 (11th Cir. 1992). We have found reversible error in jury instructions viewed as a whole for failing to

convey a good-faith defense, including the court's failure to instruct the jury that a good-faith belief does not have to be objectively reasonable. *United States v. Morris*, 20 F.3d 1111, 1118 (11th Cir. 1994). We clarified, however, that there is no specific requirement a jury instruction specifically note that a good-faith defense need not be objectively reasonable. *Id.*

The district court did not err in its instruction. First, the court's instruction was consistent with the applicable law. The court's instruction correctly instructs the jury on the principle from *Cheek* that a good-faith belief need not be objectively reasonable. The disputed line instructing the jury that it may consider the reasonableness of Knight's belief along with the other evidence is consistent with the statement in *Cheek* that "the more unreasonable the asserted beliefs or misunderstandings are, the more likely the jury will consider them to be nothing more than simple disagreement with known legal duties imposed by the tax laws and will find that the Government has carried its burden of proving knowledge." *Cheek*, 111 S. Ct. at 611-12; *see also Lankford*, 955 F.2d at 1550-51. The applicable law supports the principle that while a good-faith belief need not be reasonable, the reasonableness of the belief is probative evidence that may be considered with the other evidence in the record. The district court included the

proposed language from the Government because it expressed this principle to the jury. Therefore, the court's instruction is supported by the applicable law.[1]

In addition, there is no evidence suggesting these instructions misled the jury. There is no indication in the record the jury returned any notes or questions while in deliberation regarding the good-faith defense. Furthermore, the jury did not return a special verdict revealing any confusion. The court's instructions were consistent with the applicable law and did not mislead the jury to the prejudice of the defendant. We affirm Knight's convictions.

**AFFIRMED.**

---

[1] In addition, two circuits have approved similar language for pattern jury instructions. *See* Federal Criminal Jury Instructions of the Seventh Circuit, Instruction No. 6.11 (1999) (cited in 1A Fed. Jury Prac. & Instr. § 19.06 (5th ed.)); *United States v. Pensyl*, 387 F.3d 456, 459, n.1 (6th Cir. 2004) (cited in 2B Fed. Jury Prac. & Instr. § 67.25 (5th ed.)).