[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 4, 2002
THOMAS K. KAHN
CLERK

No. 02-10018
Non-Argument Calendar

_____

D.C. Docket No. 01-00010-CR-RH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LOWELL E. ROBERTS,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Florida

_____

**(October 4, 2002)**

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

On July 20, 1993, a jury found appellant guilty on all four counts of an indictment: Count 1, conspiracy to possess with intent to distribute marijuana; Count 2, possession with intent to distribute marijuana; Count 3, possession of a firearm during a drug trafficking offense; Count 4, possession of a firearm by a convicted felon. On September 22, 1993, the district court sentenced appellant on Counts 1, 2 and 4 to concurrent prison terms of 97 months, and on Count 3 to a consecutive prison term of 60 months. On July 25, 1995, we affirmed appellant's convictions and sentences. United States v. Roberts, No. 93-3232 (11th Cir. 1995) (unpublished).

On April 25, 1997, appellant, invoking the provisions of 28 U.S.C. § 2255, moved the district court to vacate his conviction and sentence on Count 3, which had been brought under 18 U.S.C. § 924(c) (1). He contended that in light of the Supreme Court's then-recent decision in Bailey v. United States, 515 U.S. 137, 116 S. Ct. 501, 133 L. Ed. 2d (1995), he was entitled to a new trial, if not an acquittal, on that count because the evidence adduced at his trial had not established that he "carried" a firearm while committing the drug offenses described in Counts 1 and 2 of the indictment. On September 2, 1997, the district court denied relief, agreeing with the magistrate judge that the evidence presented at appellant's trial conclusively established the "carry" prong of 18 U.S.C. § 924(c).

2

On August 16, 2000, appellant applied to this court for leave to file a second or successive motion under § 2255. In his application, he acknowledged, under oath, that he had previously moved the district court for § 2255 relief. On August 25, 2000, we denied his application.

On October 3, 2000, after receiving our ruling, appellant filed in the district court a petition with this heading: "Writ of Habeas Corpus pursuant to the Constitution's Article 1, Section 9, Clause 2, and the recent Supreme Court ruling in Apprendi v. New Jersey, 120 S.Ct. 2348 (2000)."[1] The petition stated, "First and foremost, the petitioner would like to state that this is not a 28 U.S.C. § 2241 or 28 U.S.C. § 2255 [petition], therefore, it is not subject to the constraints imposed by the Anti-Terrorist [sic] and Effective Death Penalty Act (AEDPA), as this fall[s] directly under Article I, Section 9, Clause 2, of the U.S. Constitution." (Emphasis in original).[2] Referring explicitly to § 2255, the petition stated, "Petitioner has never filed a 28 U.S.C. § 2255." At the end of the petition, under the

---

[1] Neither art. 1, § 9, cl. 2 nor Apprendi v. New Jersey give the federal courts jurisdiction to entertain a civil complaint setting aside a criminal conviction. Rather, the courts' authority to provide the relief appellant was seeking in his October 3 pleading is contained in 28 U.S.C. §§ 2241 and 2255.

[2] Appellant's petition sought the same relief appellant had asked for in his initial § 2255 motion and in his subsequent application to this court for leave to file a second or successive § 2255 motion in the district court.

3

"CERTIFICATE OF SERVICE" caption, appellant stated, "I HEREBY CERTIFY under penalty of perjury 28 U.S.C. § 1746, that everything written herein is correct and true to the best of my knowledge and belief . . . ." On October 18, 2000, the magistrate judge to whom the matter had been assigned, entered the following order:

> Before the court is petitioner's pro se request for a "writ of habeas corpus pursuant to Article 1, Section 9, Clause 2. . ."
> On or before November 10, 2000, petitioner shall show cause as to why dismissal of this action should not be ordered and sanctions imposed due to petitioner's misrepresentation of having never filed a motion to vacate pursuant to 28 U.S.C. § 2255.

On December 1, petitioner filed a belated response in which he stated,

> Petitioner filed said writ since it is the only remedy available to him . . . that as far as his knowledge and belief, he has never filed a 28 U.S.C. § 2255, also due to the time constraints imposed by the Anti-Terrorist [sic] and Effective Death Penalty Act, he would be unable to file a 28 U.S.C. § 2255, therefore, Petitioner has been left no other recourse but to file a Writ of Habeas Corpus pursuant to Article 1, Section 9, Clause 2 . . . .

On December 12, 2000, the magistrate judge issued a Report and Recommendation, in which she recommended (1) that the district court deny appellant's petition on the ground that appellant was "simply attempting to rely upon the habeas provisions of the Constitution to escape the restrictions on second

4

or successive Section 2255 motions and to circumvent the Eleventh Circuit's refusal to authorize a second Section 2255 motion," and (2) that "the clerk be directed to refer a copy of this Report and Recommendation . . . to the U.S. Attorney for consideration of criminal prosecution."[3] On January 2, 2001, the district court followed the magistrate judge's recommendation; it denied appellant's petition and directed the clerk to refer the matter to the U. S. Attorney "for consideration of criminal prosecution under 18 U.S.C. § 1621."

On July 10, 2001, a Northern District of Florida grand jury returned the instant one-count indictment against appellant, charging that, "on or about October 3, 2001," he "knowingly and willfully submit[ted] a written statement in a pleading under penalty of perjury under Title 28, United States Code, Section 1746, which he did not believe to be true as to a material matter," in violation of 18 U.S.C. § 1621(2).[4] A jury convicted appellant of the § 1621(2) offense, and the court

[3] In the Report and Recommendation, the magistrate judge reiterated the history of appellant's prosecution and his previous unsuccessful attempt to obtain § 2255 relief in the district court and, subsequently, in this court via an application for leave to file a second or successive § 2255 motion. In tracing this history, the magistrate judge cited the documentary evidence – later admitted in evidence at appellant's trial for perjury – which showed that appellant's statements that he had never sought § 2255 relief were made with the knowledge that they were false.

[4] Section 1746 states, in pertinent part:

Wherever, under any law of the United States or under

5

sentenced him to 15 months' imprisonment, the term to begin after he served the sentences imposed on September 22, 1993.

He now appeals, contending that: (1) the district court erred in denying his motion for judgment of acquittal in which he claimed that the Northern District of

any rule . . . order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same . . . such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form: . . .

> (2) If executed within the United States . . .: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date) . . . ."

Section 1621(2) states, in pertinent part:

Whoever–

. . .

> (2) in any declaration, certificate, verification, or statement under penalty of perjury as permitted under [§] 1746 . . .willfully subscribes as true any material matter which he does not believe to be true . . .

is guilty of perjury and shall . . . be fined . . . or imprisoned not more than five years, or both.

6

Florida was an improper venue; (2) the district court erred in denying his motion for judgment of acquittal based on the "literal truth doctrine"; (3) the district court erred in failing to instruct the jury regarding the "literal truth doctrine"; (4) the district court erred in failing to instruct the jury that, in filing pleadings, pro se petitioners are held to less stringent standards than attorneys are; (5) the "disclaimer" he inserted in the petition precluded his prosecution for perjury; (6) the alleged perjurious statements were not material; (7) the district court abused its discretion in admitting into evidence his response to the magistrate judge's October 18, 2000 show-cause order; and (8) a fatal variance occurred, in that the indictment alleged that the crime occurred on October 3, 2001, one year after it actually took place (and some three months after the indictment was returned). We consider appellant's claims in turn.

Venue. Appellant asserts that venue was improperly laid in the Northern District of Florida. He contends that all of the acts constituting the alleged crime, as defined in § 1621(2), occurred in Jesup, Georgia, where he signed his petition; that, although he filed his petition in the Northern District of Florida, that act was irrelevant in determining the proper venue; that, because § 1621(2) does not expressly establish venue, the elements of the crime the statute creates determine where venue is proper; and that, because § 1621(2) does not include any

7

involvement with a tribunal, or the taking of an oath, venue is established in the district where the document at issue is subscribed. Appellant supports his venue theory by relying on United States v. Noveck, 273 U.S. 202, 47 S. Ct. 341, 71 L. Ed 610 (1927), a case that construed the predecessor statute to § 1621; he contends that § 1621(2) was drafted to punish only the act of falsely subscribing, not the filing of the document.

The Sixth Amendment and Rule 18 of the Federal Rules of Criminal Procedure guarantee the right of a defendant to be tried in the district in which the offense was committed. United States v. DiJames, 731 F.2d 758, 761 (11th Cir. 1984) (citations omitted). A defendant may waive such right, however, by failing to raise a venue objection prior to trial. United States v. Dabbs, 134 F.3d 1071, 1078 (11th Cir. 1998). In Dabbs, we noted a limited exception to this waiver rule, explaining that, when an indictment alleges an incorrect venue, but the defendant is not aware of the error until the prosecution presents its case, an objection to venue made at the close of the evidence is timely. Id. at 1078 n.8. Here, appellant did not present his venue objection until the prosecution had rested its case. Because appellant was aware of the grounds underpinning his objection well before the prosecution rested (which no doubt explains why his attorney did not represent to the court that he did not become aware of those grounds until the prosecution

8

rested), the Dabbs exception does not apply and appellant's claim that the case should have been brought in another forum (the Southern District of Georgia) fails.

The literal truth doctrine/judgment of acquittal. Appellant contends that because the pleading his attorney filed in the district court on April 25, 1997 was not styled as a § 2255 motion, and because he had not *personally* filed a § 2255 motion, his statements (in the instant habeas petition) that he had not done so were literally truthful. The district court, therefore, should have granted him a judgment of acquittal because a perjury conviction under § 1621 cannot be based upon a statement, however misleading or incomplete, that is the literal truth. As a lay person with no familiarity with the complex federal habeas corpus rules, he had no reason to believe that what his attorney filed on April 25, 1997, was a motion seeking § 2255 relief. Moreover, the inmate, Jorge Borjas, who prepared his petition, failed to inform him of the criminal penalties that might be imposed if he filed a petition containing the statements at issue here.

We review de novo whether a conviction for perjury should be reversed because the sworn statements were literally truthful. United States v. Shotts, 145 F.3d 1289, 1297 (11th Cir. 1998), cert. denied, 525 U.S. 1117 (1999). The Code states, "Whoever . . . in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code,

9

willfully subscribes as true any material matter which he does not believe to be true . . . is guilty of perjury." 18 U.S.C. § 1621(2). We reiterated in Shotts the Supreme Court's holding that a perjury conviction under § 1621 cannot be based upon a statement, "however misleading or incomplete, that is the 'literal truth.'" Shotts, 145 F.3d at 1297 (citing Bronston v. United States, 409 U.S. 352, 360, 93 S. Ct. 595, 34 L. Ed. 2d 568 (1973)). "An answer to a question may be non-responsive, or may be subject to conflicting interpretations, or may even be false by implication. Nevertheless, if the answer is literally true, it is not perjury." Shotts, 145 F.3d at 1297.

Because appellant knew that he had previously filed (on April 25, 1997) a § 2255 motion, he subscribed to a statement that was willfully false. There can be no doubt that he knew that the April 25 motion sought § 2255 relief. He admitted to the FBI (to the agent investigating the matter) that he had previously signed and filed (through his attorney) a § 2255 motion, which the district court had dismissed, and in moving this court for leave to file a second or successive § 2255 motion, he represented that he previously had filed a § 2255 motion, which had been denied. In light of these facts, we would be hard pressed to say that appellant was entitled to a judgment of acquittal based on the "literal truth" doctrine.

The literal truth doctrine/jury instruction. Appellant contends that the district court should have instructed the jury that a perjury conviction under § 1621 cannot be based upon a statement, however misleading or incomplete, that is the literal truth. We review the court's refusal to give the instruction for abuse of discretion. United States v. Miles, 290 F.3d 1341, 1354 (11th Cir. 2002). "As long as there is some foundation in the evidence and legal support, the jury should be instructed on a theory of the defense." Id. A trial judge's refusal to give a requested instruction will warrant a new trial only if (1) the requested instruction was substantively correct, (2) the court's charge to the jury did not cover the gist of the instruction, and (3) the failure to give the instruction substantially impaired the defendant's ability to present an effective defense. Id. (citations omitted).

The proposed instruction was not supported by the evidence because, as noted above, appellant acknowledged – to the FBI and in his application to us for leave to file a second or successive petition – that he already filed a previous § 2255 motion, which had been rejected. In other words, a reasonable jury could not have found that appellant's statement that he had never filed a § 2255 motion was literally true. Under the court's charge, however, the jury could have acquitted appellant if it had a reasonable doubt as to whether the prosecution had established the elements of the charged offense.

11

The standards governing pleadings filed by non-lawyers.  Appellant

contends because his theory of defense was that, because he lacked knowledge

regarding complex federal habeas corpus law, he did not realize that he had done

something wrong, the district court should have instructed the jury that allegations

contained in pleadings drafted by non-lawyers are held to less stringent standards

than pleadings drafted by lawyers.  He notes that the court – rather than attempting

to create an understandable jury instruction regarding the procedural requirements

governing § 2255 filings – commented to the jury about the complexity of the law

in this area and agreed with the parties to read some of the post-conviction statutes

to the jury.  He also points out that the court told the jurors that it was not wrong

for appellant to have filed a habeas petition, even if he had previously filed § 2255

motion, which had been denied.

In briefing this appeal, appellant cites <u>United States v. Whiteside</u>, 285 F.3d

1345 (11th Cir. 2002), to support his argument that (1) the prosecution had to

prove beyond a reasonable doubt that his statement – that he had never filed a §

2255 motion – was not true under a reasonable interpretation of the law, and (2)

without an instruction that he should not be held to the pleading standards

applicable to lawyers, the jury could not conclude that he had made a reasonable

interpretation of a complex body of law.  He cites, in addition, our decision in

12

United States v. Morris, 20 F.3d 1111, 1114-18 (11th Cir. 1994), arguing that, because his defense was that he believed the challenged statement was correct, the court was obligated to give the instruction.

Although it is well-established that pro se complainants are held to less pleading standards less stringent than those applicable to lawyers, see Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972), we find no authority for the notion that pro se petitioners may include false statements in their pleadings with impunity. Whiteside and Morris give appellant little comfort. In Whiteside, the defendants appealed their criminal convictions and sentences for, among other things, making false statements in Medicare/Medicaid reimbursement cost reports. Whiteside, 285 F.3d at 1345. Because we reversed the convictions and sentences in light of the government's failure to prove that the alleged statements were knowingly and willfully false, we did not reach the issue of whether the district court's jury instructions were erroneous. Id. at 1345-46. We stated that, "in a case where truth or falsity of a statement centers on an interpretive question of law, the government bears the burden of proving beyond a reasonable doubt that the defendant's statement is not true under a reasonable interpretation of the law." Id. at 1351. Whiteside is inapposite because the case dealt with the government's burden of establishing guilt, rather than instructions the jury

13

received.  Id. at 1352-53.  Morris likewise unavailing.  That case dealt with an instruction on a good-faith mistake, which is a complete defense to the crime of filing a false tax return.  Morris, 20 F.3d at 1114, 1116.  (Here, appellant did not ask the court to give such an instruction.)  Moreover, in Morris, we noted that, although the defendants admitted, in hindsight, that the personal income tax returns that they had filed were erroneous, at trial they presented substantial evidence to show that the omissions of income from their tax returns were due to mistakes and not intentional.  Id. at 1114-15.  Unlike Morris, the evidence presented at appellant's trial showed – conclusively, in our view – that appellant was aware that a § 2255 motion previously had been filed in his behalf.  He knew at the time he filed the instant habeas petition that to represent to the court that he had never filed such a motion was wrong.  Nothing in the evidence supported his requested instruction; the court properly refused to give it.

Appellant's disclaimer.  Appellant contends that, to have been prosecuted under § 1621(2) for perjury, the statements to which he subscribed in his petition had to fit within the language of 28 U.S.C. § 1746.  The statements did not fit, he says, because the allegedly perjurious statements were accompanied by a "disclaimer."

14

We review the district court's conclusions of law for clear error and its application of the law to the facts de novo. Massaro v. Mainlands Section 1 & 2 Civic Ass'n, Inc., 3 F.3d 1472, 1475 (11th Cir. 1993), cert. denied, 513 U.S. 808 (1994). Section 1746 reads, in pertinent part, as follows:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same . . . such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form . . .
>
> (2) If executed within the United States . . . "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
>
> (Signature)".

28 U.S.C. § 1746. Section 1621(2) states, in relevant part, that whoever "in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 . . . willfully subscribes as true any material matter which he does not believe to be true . . . is guilty of perjury . . . ." 18 U.S.C. § 1621(2). In his habeas corpus petition, under the "CERTIFICATE OF

15

SERVICE" caption, appellant stated, "I HEREBY CERTIFY under penalty of perjury 28 U.S.C. § 1746, that everything written herein is correct and true to the best of my knowledge and belief . . . ."  This, he submits, constituted a disclaimer.

Although we have not specifically addressed such a "disclaimer," appellant did, in fact, substantially comply with § 1621(2)'s language, as he incorporated the language in its entirety.  He clearly intended to submit a sworn declaration subject to the penalty of perjury, as evidenced by his making his statement "under penalty of perjury 28 U.S.C. § 1746." Although he added the words, "that everything written herein is correct and true to the best of my knowledge and belief," appellant clearly knew that he had filed a previous § 2255 motion.  His disclaimer afforded him no protection, and the court did not err in concluding that his false statements made him susceptible to a prosecution for perjury.

Materiality.  Appellant claims that the false statements were not material. He bases his claim on a comment by the court that it would have ruled on his petition (and in fact did, although not on the merits) whether or not the statement was false.  That being the case, he argues, the court should have taken the next step and granted him a judgment of acquittal (instead of submitting the issue of materiality to the jury, as it did).

16

The test for materiality is whether the false statement was capable of influencing or misleading a tribunal on any proper matter of inquiry. See e.g., United States v. Corbin, 734 F.2d 643, 654 (11th Cir. 1984). Even if the false statement failed to influence the tribunal, it is sufficient if it was capable of influencing the tribunal on the issue before it. United States v. Brown, 666 F.2d 1196, 1200 (8th Cir. 1981), cert. denied, 457 U.S. 1108 (1982). We need not tarry long in concluding that the challenged statement was material. It fooled the clerk of the court into accepting the "writ" for filing, and led the magistrate judge to consider its merits until she discovered that the "writ" was a successive § 2255 motion in disguise.

The magistrate judge's show cause order. Appellant contends that the district court abused its discretion in admitting into evidence his response to the magistrate judge's show cause order. The response amounted to compelled testimony in violation of the Fifth Amendment, he says, because the magistrate judge ordered him to file it.

The Fifth Amendment provides, in part, that "No person . . . shall be compelled in any criminal case to be a witness against himself . . . ." U.S. Const. amend. V.

> [T]he Fifth Amendment protection against self-incrimination is not self-executing. Rather, as a general

17

> rule, to be protected a witness must assert that right specifically. Thus, a "witness' answers are not compelled within the meaning of the Fifth Amendment unless the witness is required to answer over his valid claim of privilege." Further, "if a witness under compulsion to testify makes disclosures instead of claiming the privilege, the government has not compelled him to incriminate himself."

United States v. Vangates, 287 F.3d 1315, 1320 (11th Cir. 2002) (internal citations omitted). The Fifth Amendment does not guarantee a right to freedom from compulsion; rather, it ensures a right to freedom from criminal punishment based on compelled testimony. United States v. Gecas, 120 F.3d 1419, 1429 & n.13 (11th Cir. 1997) (en banc), cert. denied, 524 U.S. 951 (1998). Appellant failed to assert his Fifth Amendment privilege against self-incrimination; in other words, the court did not unconstitutionally compel him to incriminate himself.

The fatal variance. The indictment alleged that the crime took place on October 3, 2001, a full year after the crime was actually committed. Since the Government's proof at trial established that the crime was committed on October 3, 2000, the Government properly concedes that the crime occurred on a date not reasonably near the date alleged in the indictment.

The standard for determining whether a variance is material, and therefore fatal, is twofold: (1) did a variance occur; if so, (2) did the defendant suffer

18

substantial prejudice.  United States v. Dennis, 237 F.3d 1295, 1300 (11th Cir.), cert. denied, 122 S.Ct. 55 (2001).  To support his argument, appellant draws on the following language of a 1898 Supreme Court case, Ledbetter v. United States, 170 U.S. 606, 613, 18 S. Ct. 774, 776 (1898): "[g]ood pleading undoubtedly requires an allegation that the offense was committed on a particular day, month, and year, but it does not necessarily follow that the omission to state a particular day is fatal upon a motion in arrest of judgment."  In the same breath, the Court said that "[n]either is it necessary to prove that the offense was committed upon the day alleged, unless a particular day be made material by the statute creating the offense."  Id.

Ordinarily, we will not disturb a conviction due to a variance between the date the indictment alleges the offense occurred and the date the proof shows that it occurred if the date shown at trial falls within the statute of limitations and before the return of the indictment.  United States v. Reed, 887 F.2d 1398, 1403 (11th Cir. 1989) (citations omitted), cert. denied, 493 U.S. 1080 (1990).  "Two purposes are served by the requirement that the allegations of the indictment and the proof at trial correspond: (1) the defendant is properly notified of the charges so that he may present a defense; and (2) the defendant is protected against the possibility of another prosecution for the same offense."  Id.

In the case at hand, the defendant had abundant notice of the charges and met them head on; he knew that the date cited in the indictment was simply a typographical error and that October 3, 2000 was the correct date. As for the possibility that he might be prosecuted again for the same offense, that possibility is nil.

We find no bases for disturbing appellant's conviction. His conviction is, accordingly,

AFFIRMED.