Saul Castillo VAZQUEZ, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

Saul Castillo Vazquez, Petitioner,

v.

Alberto R. Gonzales, Attorney General, Respondent.

Nos. 04–75108, 05–75891.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2007.*

Filed July 2, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Teresa Salazar, Law Offices of Martin Resendez Guajardo, A Professional Corporation, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Oil, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Circuit Judge, McKEOWN and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

In these consolidated petitions for review, the petitioner, Saul Castillo Vazquez, a native and citizen of Mexico, challenges the denial of his applications for asylum and cancellation of removal, and the denial of his motion to reopen. Petitioner claims that he and his family will face persecution on their return to Mexico because they have become Americanized, making them targets of kidnaping for ransom. The IJ held that the petitioner had not shown that petitioner's fear was on account of membership in any of the protected groups, observing that petitioner's claim amounted to a fear of general country conditions. Because the BIA affirmed the IJ's decision without opinion, we review the IJ's decision as the final agency determination. *Khup v. Ashcroft,* 376 F.3d 898, 902 (9th Cir.2004). The IJ's decision was supported by the evidence. *See Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000) (holding that petitioner's injuries were on account of "random violence" and not on

account of any of the statutorily protected grounds); 8 U.S.C. § 1101(a)(42)(A).

In providing voluntary departure as relief, the IJ granted the petitioner 60 days. In its streamlined affirmance, however, the BIA reduced the period of voluntary departure to 30 days. This exceeded the BIA's authority, as the BIA is required to affirm the IJ's order in its entirety where it chooses to issue a streamlined order. *See Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981–82 (9th Cir.2006). Although this issue was raised by the petitioner for the first time in his reply brief, good cause is present here, as *Padilla–Padilla* was decided after the petitioner filed his opening briefs. *See Koerner v. Grigas,* 328 F.3d 1039, 1048 (9th Cir.2003). The matter must therefore be remanded for the BIA to reconsider the voluntary departure period.

Petitioner filed a motion to reopen on August 14, 2005, claiming that he was denied due process as a result of the incomplete translation of the removal hearing. The BIA denied that motion as untimely on September 19, 2005. The BIA also determined that the petitioner had not exercised due diligence and thus equitable tolling did not apply. That ruling was not an abuse of the BIA's discretion because the motion was well outside the 90–day window for filing, and the petitioner did not present any evidence of due diligence. 8 C.F.R. § 1003.2(c)(2); 8 U.S.C. § 1229a(c)(7). The petitioner's argument that his challenge amounts to a "substantial constitutional claim," and that his late filing should be excused to "correct a gross miscarriage of justice," is unavailing. *See*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*El Rescate Legal Services, Inc. v. EOIR,* 959 F.2d 742, 752 (9th Cir.1992) (holding that "the BIA's policy, not to require interpretation of the entire immigration court proceedings once it has determined that an interpreter is needed," conforms to the Immigration and Nationality Act, its interpretative regulations, and the Constitution). We lack jurisdiction to decide whether the BIA improperly denied reopening on the basis of its sua sponte authority. *Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002). On September 15, 2005, however, petitioner filed a document with the BIA styled as a "supplement" to the motion to reopen alleging for the first time that he was denied the effective assistance of counsel with respect to the original asylum application and BIA appeal. Although the "supplement" was filed four days prior to the BIA's September 19, 2005 decision denying reopening, that decision does not appear to address the ineffective assistance of counsel claim. Thus, we remand to the BIA to consider this claim in the first instance. *See INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

We therefore DENY the petition for review insofar as it challenges the denial of asylum and withholding of removal. We also DENY the petition for review regarding the BIA's denial of reopening on the basis of incomplete translation. We GRANT the petition and REMAND insofar as the petition seeks to reopen proceedings on the basis of ineffective assistance of counsel. We also GRANT the petition and REMAND for further proceedings regarding the period of voluntary departure.

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

DENIED IN PART AND REMANDED IN PART.