[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 23, 2008
THOMAS K. KAHN
CLERK

No. 07-13581
Non-Argument Calendar

_____

D. C. Docket No. 06-00007-CR-JTC-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BARBARA D. LAVIGNE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 23,  2008)

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Barbara D.  Lavigne appeals her conviction for using fraud to

obtain federal workers' compensation benefits, in violation of 18 U.S.C. § 1920.

After reviewing the record and reading the parties' briefs, we affirm Lavigne's

conviction.

I.

On appeal, Lavigne argues that the district court abused its discretion by not

allowing two of her witnesses, Vida Ellis and Deborah Howington, to testify

regarding their lay opinions pursuant to Fed.R.Evid. 701 as to whether Lavigne's

dog breeding and dog kennel operation constituted a hobby and not a business.

Evidence concerning the reasonableness of Lavigne's belief that she was engaging

in a hobby was "critically relevant" to her defense that she did not knowingly and

willfully violate 18 U.S.C. § 1920.

We review rulings made under Fed.R.Evid. 701 only for an abuse of

discretion. *United States v. Myers*, 972 F.2d 1566, 1576-77 (11th Cir. 1992). A

showing that the district court abused its discretion in excluding evidence only

results in reversal "*upon a showing that such abuse of discretion resulted in*

*substantial harm* to the part[y] seeking relief." *United States v. Cameron*, 907

F.2d 1051, 1059 (11th Cir. 1990) (quotation omitted) (emphasis in original). The

opinion testimony of a witness who is not testifying as an expert, "is limited to

those opinions or inferences which are (a) rationally based on the perception of the

2

witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of [Fed.R.Evid.] 702." Fed.R.Evid. 701. We have held that, under the 2000 amended version of Rule 701, which added subsection (c), witnesses can testify "based upon their particularized knowledge garnered from years of experience within the field." *Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co.*, 320 F.3d 1213, 1223 (11th Cir. 2003); *see also Myers*, 972 F.2d at 1576-77 (stating that a police officer could testify that burn marks on the skin were caused by a stun gun where the opinion was based on the officer's personal perceptions of the marks and his experience on the police force). In *Tampa Bay Shipbuilding*, we indicated that we would uphold *Myers* under the amended version of Rule 701. 320 F.3d at 1221, 1223 n.17.

Because Lavigne was allowed to present Howington's opinion that her dog-related activity was a hobby, and any limitation on Ellis's testimony was harmless, we affirm as to this issue.

## II.

Lavigne asserts that the government failed to prove that she knew that her dog breeding activity constituted a business and that the government reporting form ("Form 1032") required her to report the income she received as a result of

that activity.  She adds that: (1) the witnesses from the Georgia Department of Agriculture and Spalding County only showed that she complied with the law governing puppy sales by obtaining a business license for her activity; (2) none of her purchasers testified that she stated that she was selling dogs as a business, and several testified that it was only to help her granddaughter and as a hobby; (3) she made no effort to conceal her dog activity; and (4) the government did not refute her testimony that she did not read the 1032 forms during the years in question. Finally, Lavigne argues that the jury's disbelief of her testimony was not a sufficient basis for finding her guilty.

Lavigne was convicted of violating 18 U.S.C. § 1920, which provides that a defendant is guilty of perjury if she: (1) knowingly and willfully, (2) "falsifies, conceals, or covers up a material fact, or makes a false, fictitious, or fraudulent statement or representation, or makes or uses a false statement or report knowing the same to contain any false, fictitious, or fraudulent statement or entry [(3)] in connection with the application for or receipt of compensation or other benefit or payment under subchapter I or III of chapter 81 of title 5."  18 U.S.C. § 1920.

We "review challenges to the sufficiency of the evidence *de novo*, viewing the evidence in the light most favorable to the government." *United States v. Futrell*, 209 F.3d 1286, 1288 (11th Cir. 2000).  We deem evidence sufficient if a

reasonable factfinder could have found that the evidence established that the defendant was guilty beyond a reasonable doubt. *United States v. McDowell*, 250 F.3d 1354, 1364-65 (11th Cir. 2001). Circumstantial evidence may prove knowledge and intent. *United States v. Richards*, 638 F.2d 765, 768-69 (5th Cir. 1981). A statement by a defendant that is disbelieved by the jury can be considered substantive evidence of guilt. *United States v. Williams*, 390 F.3d 1319, 1325 (11th Cir. 2004). By testifying, a defendant "runs the risk that if disbelieved the jury might conclude the opposite of [her] testimony is true." *Id.* (quotation omitted). When there is some corroborative evidence of guilt for the charged offense, and the defendant testifies, the defendant's testimony denying guilt alone may establish elements of the offense. *Id.* at 1326.

Because we conclude from the record that there was sufficient evidence for the jury to conclude that Lavigne knew that she was running a business and was required to report the dog-related activity proceeds to the government, we affirm as to this issue.

## III.

Lavigne maintains that the district court erred in allowing evidence that she earned income from renting houses that she owned and thereby allowing an amendment to the indictment, noting that (1) the evidence was not necessary to

5

complete the story of the crime charged; (2) the rental house activity was not inextricably intertwined with evidence of the charged offense; and (3) the evidence was improper under Fed.R.Evid. 404(b), and it was extrinsic evidence that was prejudicial to her right to have the jury convict her of the charged crime. Lavigne asserts that there was a variance from the indictment because the evidence that showed that she failed to report her rental activity and faked her disability exceeded the facts in the indictment and thereby substantially prejudiced her. Finally, Lavigne asserts that the Rule 404(b) evidence was admitted to show her state of mind, but in spite of the district court's cautionary instructions, the jury was asked to use it for another purpose.

A constructive amendment to an indictment occurs "when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment." *United States v. Keller*, 916 F.2d 628, 634, 635-36 (11th Cir. 1990) (finding that there was a constructive amendment where the indictment charged that the defendant conspired with a particular individual, but the jury instructions indicated that the defendant could be convicted by a showing that he conspired with anyone). "When a defendant is convicted of charges not included in the indictment, an amendment of the indictment has occurred." *Id.* at 633. Constructive amendment

6

of the indictment constitutes *per se* reversible error. *Id.*

A variance, on the other hand, "occurs when the facts proved at trial differ from those alleged in the indictment," but the elements of the crime charged are not affected. *United States v. Weissman*, 899 F.2d 1111, 1114 (11th Cir. 1990). The proof at trial and the allegations in the indictment should correspond so that "(1) the defendant is properly notified of the charges so that he may present a defense; and (2) the defendant is protected against the possibility of another prosecution for the same offense." *United States v. Roberts*, 308 F.3d 1147, 1156 (11th Cir. 2002) (holding that there was no material variance where the date of the offense cited in the indictment was a year after the crime was committed, and the proof at trial showed that the offense was committed on the earlier date, because the defendant had notice of the charges and there was no possibility that he would be prosecuted again for the same offense). A variance is reversible error only when "the facts established in trial materially diverge from the facts in the indictment and the defendant suffers substantial prejudice as a result." *Weissman*, 899 F.2d at 1114.

Because there is no indication in the record that an amendment to or a variance from the indictment occurred, we affirm as to this issue.

IV.

Lavigne argues that the district court erred in admitting an undercover video of Lavigne meeting a purported dog purchaser because it had no relevance to the charges that she filed false 1032 forms and was introduced only to show the jury that she was not disabled. She also argues that the court compounded the error by allowing the government to question her about her ability to perform certain tasks relevant to the job from which she claimed to be disabled. She asserts that the prejudice from this inquiry was compounded further by the government asking whether Lavigne thought that the "citizens of this great country would appreciate [her] putting in a little time for them when they [were] paying [her] $14,000[?]" Lavigne asserts that she was deprived of her right to a fair trial because the jury thought that she was faking her disability. In her reply brief, Lavigne asserts that the court's instruction was vague as the expression "false statement in connection with the receipt of workers compensation benefits" could have been interpreted by the jury to mean her claim of disability instead of the offense charged in the indictment.

As an initial matter, to the extent that Lavigne attempts to claim in her reply brief that one of the district court's instructions was vague, she abandoned the issue by not raising it in her initial brief. *United States v. Britt*, 437 F.3d 1103, 1104 (11th Cir. 2006) (noting that we do not consider issues raised for the first

8

time in an appellant's reply brief).

We review a district court's admission of Rule 404(b) evidence for an abuse of discretion. *United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir. 1992) (en banc). Rule 404(b) provides that extrinsic evidence of other crimes, wrongs, or acts is not admissible to prove a defendant's character in order to show action in conformity therewith. Such evidence may be used, however, to show motive, intent, knowledge, or absence of mistake or accident. Fed.R.Evid. 404(b). In evaluating the admissibility of Rule 404(b) extrinsic evidence, we must determine whether: (1) the evidence is relevant to an issue other than the defendant's character; (2) there is sufficient proof to enable a jury to find that the defendant committed the extrinsic act; and (3) the evidence possesses probative value that is not substantially outweighed by its undue prejudice and meets the requirements of Fed.R.Evid. 403. *Miller*, 959 F.2d at 1538. Rule 403 provides that relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Because we conclude that the district court did not abuse its discretion in admitting the video, and any error in allowing the government's cross-examination

regarding Lavigne's ability to work was harmless, we affirm as to this issue.

## V.

Lavigne argues that the indictment was insufficient because it did not include the element of willfulness. If the adequacy of an indictment is challenged for the first time on appeal, this court "must find the indictment sufficient unless it is so defective that it does not, by any reasonable construction, charge an offense for which the defendant is convicted." *United States v. Adams*, 83 F.3d 1371, 1375 (11th Cir. 1996) (quotation omitted).

Because the superseding indictment clearly was not insufficient as it expressly included the element of "willfulness," we affirm this issue.

For the above-stated reasons, we affirm Lavigne's conviction.

**AFFIRMED.**