**Roel Labicani ROMUALDO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 07–74349.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 17, 2009.*

Filed Dec. 14, 2009.

Gary G. Singh, Esquire, Law Office of Gary G. Singh, Honolulu, HI, for Petitioner.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

David V. Bernal, Assistant Director, Andrew C. Maclachlan, Mary Jane Candaux, Assistant Director, Michael Christopher Heyse, Trial, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

### MEMORANDUM \*\*

Roel Labicani Romualdo, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Ordonez v. INS*, 345 F.3d 777, 782 (9th Cir.2003). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Romualdo's motion to reopen as untimely because it was filed more than ninety days after the final administrative order and over two years after the special motions deadline to seek relief under former section 212(c), *see* 8 C.F.R. §§ 1003.2(c)(2) & 1003.44(h), and the record does not establish that equitable tolling was warranted, *see Martinez–Serrano v. INS*, 94 F.3d 1256, 1258–59 (9th Cir. 1996) (filing limitation period begins to run when the agency sends its decision to the correct address).

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We lack jurisdiction to review the BIA's decision not to invoke its sua sponte authority to reopen removal proceedings under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002).

To the extent Romualdo challenges the BIA's November 4, 2004, order dismissing his underlying appeal, we lack jurisdiction because the petition for review is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1); *Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.