**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUISA DELEON-GRAMAJO, | No. 08-72778 |
| Petitioner, | Agency No. A070-347-322 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:     SILVERMAN, CALLAHAN, and N.R. SMTIH, Circuit Judges.

Luisa Deleon-Gramajo, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' order dismissing her appeal from an

immigration judge's ("IJ") decision denying her motion to reopen deportation

proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen, and de novo questions of law and claims of due process violations. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The agency did not abuse its discretion in denying Deleon-Gramajo's motion as untimely because it was filed almost 17 years after the final administrative order, *see* 8 C.F.R. § 1003.23(b)(1), and Deleon-Gramajo failed to establish she acted with the due diligence required for equitable tolling of the filing deadline, *see Iturribarria*, 321 F.3d 889, 897 (9th Cir. 2003) (equitable tolling is available to a petitioner who is prevented from filing due to deception, fraud or error, and exercises due diligence in discovering such circumstances); *cf. Ghahremani v. Gonzales*, 498 F.3d 993, 1000 (9th Cir. 2007) (due diligence established where petitioner demonstrates "steadfast pursuit" of her case). We therefore do not reach Deleon-Gramajo's contentions related to her former counsel's alleged ineffective assistance.

The IJ properly determined that Deleon-Gramajo abandoned her application for asylum because it was not filed by the IJ's August 18, 1990, deadline. *See* 8 C.F.R. § 1003.31(c) (IJ may set filing deadlines and deem waived an application not filed by the deadline). It follows therefore that Deleon-Gramajo's due process

rights were not violated.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000)

(requiring error for a petitioner to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**