[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15901
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 10, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00165-CR-IPJ-PWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODNEY EUGENE TUCKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(November 10, 2010)

Before HULL, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Rodney Eugene Tucker appeals pro se his convictions for three counts of

armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and one count of

using and carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). On appeal, he argues that: (1) the district court plainly erred by constructively amending the indictment when it gave an aiding-and-abetting instruction; (2) the district court plainly erred by permitting the government to engage in prosecutorial misconduct by improperly bolstering the testimony of Tucker's codefendant, James Arthur Worrills, Jr.; (3) the district court erred in failing to dismiss the indictment after Worrills pleaded guilty because the indictment named both Tucker and Worrills; (4) Tucker received ineffective assistance of counsel; and (5) the evidence was insufficient to support Tucker's convictions for armed bank robbery and his conviction for using and carrying a firearm in relation to a crime of violence. After thorough review, we affirm.[1]

We review the legal correctness of jury instructions de novo. United States v. Prather, 205 F.3d 1265, 1270 (11th Cir. 2000). We review de novo a claim of prosecutorial misconduct, which is a mixed question of law and fact. United States v. Eckhardt, 466 F.3d 938, 947 (11th Cir. 2006). However, if a defendant fails to object to an issue before the district court, we review for plain error. United States v. Dennis, 237 F.3d 1295, 1299 (11th Cir. 2001). To establish plain error, the defendant must show that there is (1) error, (2) that is plain, (3) affects substantial

---

[1] In addition, Tucker's motion to strike the government's response brief, construed from statements made in his reply brief, is DENIED.

rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005). Because Tucker failed to raise his jury instruction and prosecutorial misconduct arguments before the district court, we review those for plain error.

We review de novo whether the evidence was sufficient to sustain a conviction. United States v. Rudisill, 187 F.3d 1260, 1267 (11th Cir. 1999). A verdict will be affirmed "as long as the jury could permissibly conclude that the defendant is guilty beyond a reasonable doubt." Id. We will view the evidence in the light most favorable to the government, and resolve any conflicts in favor of its case. United States v. Ward, 197 F.3d 1076, 1079 (11th Cir. 1999).

The relevant facts are these. At trial, codefendant Worrills testified for the government. He said that he had used a gun supplied by Tucker to facilitate the bank robberies, Tucker also carried a gun during the robberies, and both Tucker and he planned and executed the robberies. He admitted that he hoped for a sentence reduction by cooperating with the government, pursuant to a plea agreement, in which he agreed to testify against any suspect at the government's request.

First, we are unpersuaded by Tucker's claim that the district court plainly erred by constructively amending the indictment when it gave an aiding-and-abetting instruction to the jury. "When the evidence at trial or the

3

court's jury instructions deviate from what is alleged in the indictment, two distinct problems can arise -- constructive amendment or variance." United States v. Flynt, 15 F.3d 1002, 1005 (11th Cir. 1994). "An amendment to an indictment occurs when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment." Dennis, 237 F.3d at 1299 (quotation omitted). A jury instruction that allows the jury to consider an element of the offense not listed in the indictment is an impermissible, constructive amendment of the indictment and constitutes reversible error. Stirone v. United States, 361 U.S. 212, 218-19 (1960).

In determining whether an indictment was constructively amended, we look at whether the prosecutor's actions or the court's instructions, "viewed in context," literally or effectively expanded the indictment. United States v. Behety, 32 F.3d 503, 508-09 (11th Cir. 1994). The former Fifth Circuit has held that, although an indictment failed specifically to charge a defendant with aiding and abetting, the district court did not err in giving an aiding-and-abetting instruction because "18 U.S.C. § 2 is an alternative charge in every count, whether explicit or implicit, and the rule is well-established . . . that one who has been indicted as a principal may be convicted on evidence showing that he merely aided and abetted the commission of the offense." United States v. Walker, 621 F.2d 163, 166 (5th Cir. 1980) (stating

4

that "18 U.S.C. § 2 does not define a crime[, but] simply makes punishable as a principal one who aids or abets the commission of a substantive crime");[2] accord United States v. Martin, 747 F.2d 1404, 1407 (11th Cir. 1984) (stating that "[a]iding and abetting need not be specifically alleged in the indictment; assuming the evidence supports it, the accused can be convicted of aiding and abetting so long as the jury is instructed on it").

"A variance occurs when the facts proved at trial deviate from the facts contained in the indictment but the essential elements of the offense are the same." United States v. Keller, 916 F.2d 628, 634 (11th Cir. 1990). The proof at trial and indictment allegations should correspond so that "(1) the defendant is properly notified of the charges so that he may present a defense; and (2) the defendant is protected against the possibility of another prosecution for the same offense." United States v. Roberts, 308 F.3d 1147, 1156 (11th Cir. 2002) (quotation omitted). A variance requires reversal "only when the defendant can establish that his rights were substantially prejudiced thereby." Flynt, 15 F.3d at 1005.

The district court did not err, plainly or otherwise, when it gave an aiding-and-abetting instruction to the jury, although such a theory of guilt was not alleged in the indictment. Indeed, under our law, an individual indicted as a

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this Court adopted as binding precedent all Fifth Circuit decisions issued prior to October 1, 1981.

principal may be convicted on evidence showing that he aided and abetted the commission of the offense, regardless of whether the indictment included an aiding-and-abetting charge. Walker, 621 F.2d at 166. Further, because aiding and abetting is an alternative charge in every count, the prosecutor's remarks during his closing argument that the jury could convict Tucker under an aiding-and-abetting theory also were not error, much less plain error. Id.; see Martin, 747 F.2d at 1407.

Nor, contrary to Tucker's claims, was there was a variance between the charge and the proof at trial. Tucker's indictment charged him with armed robbery and using and carrying a firearm during and in relation to a crime of violence, which encompassed an aiding-and-abetting theory of guilt. Walker, 621 F.2d at 166; Martin, 747 F.2d at 1407. And, as discussed below, the evidence supports the conclusion that Tucker aided and abetted the commission of the armed robberies and the use of a firearm in furtherance of the first robbery. Moreover, Tucker's claim that the indictment failed to allege acts secondary to the robbery lacks merit because the government was only obliged to include a "statement of the essential facts," Fed.R.Crim.P. 7(c), and the acts Tucker identifies as impermissibly excluded from the indictment -- that Tucker provided the firearm and his sister's car and burned dyed bills -- are related to his efforts to plan or conceal the robberies.

Next, we reject Tucker's claim that plain error resulted from prosecutorial misconduct. "To find prosecutorial misconduct, a two-pronged test must be met: (1) the remarks must be improper, and (2) the remarks must prejudicially affect the substantial rights of the defendant." United States v. Eyster, 948 F.2d 1196, 1206 (11th Cir. 1991). Attempts to bolster a witness by vouching for his credibility are improper "if the jury could reasonably believe that the prosecutor indicated a personal belief in the witness' credibility." Id. "A jury could reasonably believe the prosecutor's indications if the prosecutor either places the prestige of the government behind the witness, by making explicit personal assurances of the witness' veracity, or . . . implicitly vouches for the witness' veracity by indicating that information not presented to the jury supports the testimony." Id. However, the prosecutor neither places the prestige of the government behind the witness nor implicitly vouches for the witness's credibility by questioning the witness about the terms of his plea agreement requiring him to testify truthfully and completely. United States v. Cano, 289 F.3d 1354, 1366 (11th Cir. 2002).

Here, the district court did not plainly err by permitting the government to engage in prosecutorial misconduct. As the record shows, the prosecutor did not err in referring to Worrills's credibility on direct examination because Tucker attacked Worrills's credibility when he suggested during his opening statement that Worrills

7

was testifying against Tucker to help himself and Tucker was the only other person besides himself who had been arrested and charged with committing the robberies. Moreover, the prosecutor did not base his subsequent references to Worrills's credibility on the government's reputation or evidence that was not before the jury. Rather, the basis of the prosecutor's questions and arguments was the plea agreement, which obligated Worrills to testify truthfully. Cano, 289 F.3d at 1366.

We also find no merit in Tucker's argument that the district court erred in failing to dismiss the indictment after Worrills pleaded guilty. We have never required district courts to order the government to reindict a defendant or to issue a superseding indictment when a codefendant pleads guilty. Thus, because there is no legal authority imposing such a requirement, the district court did not err in failing to dismiss the indictment because it named both Tucker and Worrills, even after Worrills pleaded guilty.

As for Tucker's ineffective assistance of counsel claim, we decline to address the issue. We generally do not consider claims of ineffective assistance of counsel raised on direct appeal "where the district court did not entertain the claim nor develop the factual record." United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002). An appellate court generally cannot adequately decide an ineffective-assistance-of-counsel claim raised for the first time on direct appeal

8

because the focus at trial was not whether defense counsel's actions were prejudicial or supported by reasonable strategy. Massaro v. United States, 538 U.S. 500, 504 (2003). The preferable means for deciding a claim of ineffective assistance of counsel is through a 28 U.S.C. § 2255 motion to vacate, "even if the record contains some indication of deficiencies in counsel's performance." Id.

On this record, we decline to address Tucker's ineffective-assistance-of-counsel claims on direct appeal. Tucker did not raise the claim before the district court and, as a result, the district court did not consider, or develop a factual record relevant to, the claims.

Finally, we conclude that Tucker's sufficiency of the evidence arguments are baseless. The armed bank robbery statute provides that: "[w]hoever, by force and violence, or by intimidation, takes. . . from the . . . presence of another . . . any . . . money . . . belonging to, or in the care, custody, control, management, or possession of, any bank . . ." shall be fined or imprisoned. 18 U.S.C. § 2113(a). Moreover, a person who assaults any person or jeopardizes the life of any person "by the use of a dangerous weapon or device" while committing or attempting to commit armed bank robbery shall be fined or imprisoned for a maximum of 25 years, or both. 18 U.S.C. § 2113(d). Section 924(c) provides additional penalties for a person "who, during and in relation to any crime of violence . . . , uses or carries a firearm, or

who, in furtherance of any such crime, possesses a firearm" and provides a greater penalty "if the firearm is brandished." 18 U.S.C. § 924(c)(1)(A)(ii). Finally, a person who "commits an offense against the United States or aids [or] abets . . . its commission, is punishable as a principal." 18 U.S.C. § 2(a). "To prove guilt under a theory of aiding and abetting, the Government must prove: (1) the substantive offense was committed by someone; (2) the defendant committed an act which contributed to and furthered the offense; and (3) the defendant intended to aid in its commission." United States v. Camacho, 233 F.3d 1308, 1317 (11th Cir. 2000).

Questions of witness credibility are for the jury, and we assume the jury answered them in a way that supports its verdict. United States v. Thompson, 473 F.3d 1137, 1142 (11th Cir. 2006). Moreover, an accomplice's uncorroborated testimony can be sufficient to prove guilt, even if the witness is an admitted wrongdoer. Craig v. Singletary, 127 F.3d 1030, 1044-45 (11th Cir. 1997).

As for Tucker's § 2113(a) and (d) convictions, Worrills's testimony provided sufficient evidence to support them under either a principal or aiding-and-abetting theory of guilt. At trial, Worrills testified that he used a firearm to facilitate the robberies, Tucker supplied a black, nine-millimeter pistol for that purpose, and Tucker also carried a firearm. Moreover, Worrills testified that Tucker originally presented the idea to rob the second bank, both Worrills and Tucker planned all

10

three robberies, and Tucker assigned Worrills the role of keeping the customers and employees inside the bank at bay while Tucker collected the money.

Based on this testimony -- that Tucker used and Worrills brandished a firearm -- there was also sufficient evidence to support Tucker's § 924(c)(1)(A)(ii) conviction. Furthermore, the district court did not err by instructing the jury that it could convict Tucker of violating § 924(c)(1)(A)(ii) if it found that he used or carried a firearm, although the indictment charged Tucker with using and carrying a firearm. Under § 924(c)(1)(A)(ii) and according to the instruction given to the jury, the government was only required to show the use or carry element to prove guilt. See 18 U.S.C. § 924(c)(1)(A)(ii) (providing additional penalties for a person who "uses or carries a firearm" and, specifically, requiring a term of not less than seven years' imprisonment if the firearm is brandished). Because the indictment alleged use and carry, each of which violates that statute, the indictment alleged more than was required by the statute. See United States v. Simpson, 228 F.3d 1294, 1300 (11th Cir. 2000) (stating "the law is well established that where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means, and accordingly the jury instruction may properly be framed in the disjunctive"). Thus, the district court did not err in

charging the jury in the disjunctive, although the indictment was worded in the conjunctive. See id.

**AFFIRMED.**