**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jimmy D. MORRIS, Franklin W. Briggs,**
**Defendants–Appellants.**

**No. 93–2859.**

United States Court of Appeals,
Eleventh Circuit.

May 16, 1994.

Frank Petrella, Atlanta, GA, for Morris.

Howard J. Weintraub, Atlanta, GA, for Briggs.

B. Edward Lowe, Asst. U.S. Atty., Tallahassee, FL, for appellee.

Before ANDERSON and BIRCH, Circuit Judges, and ATKINS *, Senior District Judge.

BIRCH, Circuit Judge:

The appellants, Jimmy D. Morris and Franklin W. Briggs, present three challenges to their conviction for criminal filing and subscribing of false income tax returns. The appellants assert that the evidence against them was insufficient to support a conviction, that the trial court improperly refused to instruct the jury on a permissible theory of defense, and that their sentence was improperly computed. We find that the evidence presented against the appellants at trial was sufficient to sustain a conviction. We hold, however, that the failure of the trial court to instruct on appellants' good-faith defense was reversible error. Because of our decision on the second issue, the sentencing issue is moot. We therefore REVERSE the appellants' convictions and REMAND to the trial court for further proceedings.

## I. BACKGROUND

On February 10, 1993, Jimmy Morris and Franklin Briggs were indicted by a federal grand jury for one count of conspiracy to defraud the United States by filing false income tax returns, in violation of 18 U.S.C. § 371, and four counts each (one per tax year) of filing and subscribing false personal income tax returns for 1985, 1986, 1987, and 1988, in violation of 26 U.S.C. § 7206(1). Each was acquitted of the conspiracy count and the false filing count for the year 1985 and convicted on all remaining counts. Both appellants were sentenced to nine months of incarceration.

The appellants are engaged in the residential construction business in Florida. Together they own approximately fourteen different construction businesses. Each of these businesses maintains one or more checking accounts, totalling more than forty accounts for all businesses together. The appellants also maintained their own personal bank accounts. The businesses' bookkeeping staffs made deposits and withdrawals and wrote checks from all accounts, including appellants' personal accounts.

Appellants were prosecuted when they failed to report certain income they received from West Florida Natural Gas in each of the relevant years. This income was in the form of a rebate check issued directly to the appellants, personally, whenever an entity that they controlled installed gas appliances in a construction project. The tax offense of which the appellants were convicted is a specific intent crime that requires willfulness on

---

* Honorable C. Clyde Atkins, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

the part of the individual who files a false tax return. *See United States v. Lankford,* 955 F.2d 1545, 1550 (11th Cir.1992). The standard for the statutory willfulness[1] requirement is the "voluntary, intentional violation of a known legal duty." *Cheek v. United States,* 498 U.S. 192, 202, 111 S.Ct. 604, 610, 112 L.Ed.2d 617 (1991). The key to this criminal case is whether the appellants omitted these funds from their personal income tax returns with knowledge that doing so was a violation of the tax laws (i.e., that each return was not materially "correct").

During the course of the trial, the appellants presented witnesses and other evidence to show that the omissions of income in their tax returns were due to mistakes and were not intentional. For example, the appellants presented evidence that their books were kept internally and reviewed by outside certified public accountants. Their tax returns were prepared by an outside accounting firm each year. Further, witnesses testified that the appellants evidenced a desire to include all income on the various tax returns filed each year including their personal and business returns. The appellants presented substantial evidence that they held a good-faith belief that all income required to be reported was reported on *some* return, whether business or personal.[2]

At the close of evidence, the appellants proffered to the trial court a jury instruction on their theory of defense—that the false returns were not filed willfully, but were erroneous due to a good faith mistake or belief that the filings were correct; that is, that the returns complied with the law. The trial court refused to give the appellants' requested instruction on the rationale that the general instruction on the elements of the underlying crime was sufficient to convey the substance of such a defense to the jury.

## II. DISCUSSION

### A. Sufficiency of the Evidence

The appellants first assert that the evidence presented by the government at trial was insufficient to establish the appellants' guilt beyond a reasonable doubt. The sufficiency of the evidence to support a conviction is a question of law subject to *de novo* review. *United States v. Thomas,* 8 F.3d 1552, 1556 (11th Cir.1993). We examine the evidence in the light most favorable to the government and must affirm a conviction if any reasonable construction of the evidence would permit the jury to find a defendant guilty beyond a reasonable doubt. *United States v. McKinley,* 995 F.2d 1020, 1025 (11th Cir.1993).

We have reviewed the evidence in this case carefully and in accordance with the foregoing standard. Although we find that most of the government's evidence was circumstantial and subject to differing interpretations, after drawing all possible inferences in favor of the government we must conclude that a reasonable jury could have found the appellants guilty. Therefore, despite the close balance of the evidence in this case, we find that the evidence was sufficient to support the jury's verdict.

### B. Adequacy of Jury Instructions

Appellants complain that the trial court erred in refusing to give their proposed theory-of-defense instruction to the jury. The refusal to give a requested jury instruction is reviewed for abuse of discretion. *United States v. Morales,* 978 F.2d 650, 652 (11th Cir.1992).[3] "A defendant is entitled to

---

**1.** The applicable section declares that an individual will be guilty of a felony if he:

 *Willfully* makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter....

26 U.S.C. § 7206(1) (emphasis added).

**2.** Because of the low threshold required to justify the giving of a good-faith mistake or belief defense instruction, the actual evidence presented

at trial is presented here in summary fashion. *See United States v. Opdahl,* 930 F.2d 1530, 1535 (11th Cir.1991).

**3.** The government contends that we should review this ruling for plain error, since appellants failed to object to the jury instructions as read at trial. This argument is spurious. There is no need to object to a court's specific denial of a request for a jury instruction. The presentation of the request and its denial is sufficient to preserve the issue for appeal. *See U.S. Anchor Mfg., Inc. v. Rule Industries, Inc.,* 7 F.3d 986, 1003

have the court instruct the jury on the theory of the defense, as long as it has some basis in the evidence and has legal support." *United States v. Orr*, 825 F.2d 1537, 1542 (11th Cir.1987) (citing *United States v. Gold*, 743 F.2d 800, 819 (11th Cir.1984), *cert. denied*, 469 U.S. 1217, 105 S.Ct. 1196, 84 L.Ed.2d 341 (1985)). In this case, the appellants presented significant evidence supporting a good-faith defense. They admitted, in hindsight, that the personal income tax returns they filed were erroneous. However, they asserted that they did not intend to violate the tax laws, but rather filed their returns with the good-faith, though erroneous, belief that the returns were correct; that is, in compliance with the tax laws.[4]

The crime described in 26 U.S.C. § 7206(1), filing a false tax return, is one requiring proof of specific intent. In order to be convicted of that offense, a defendant must be shown to have signed his tax return under penalty of perjury, and to have known that, at the time of signing, the return was materially incorrect or in violation of existing tax laws. 26 U.S.C. § 7206(1). Such specific intent may be negated by a good-faith misunderstanding of the law or a good-faith belief that one is not violating the law, regardless of whether or not the belief is reasonable. *See Cheek v. United States*, 498 U.S. 192, 202, 111 S.Ct. 604, 610–11, 112 L.Ed.2d 617 (1991).

In order to convict the appellants in this case, the government was required to prove, as an element of its case, that the appellants' actions were willful. The government was required to show that the law imposed a duty on the appellants, that they knew of this duty, and that they voluntarily and intentionally violated that duty. *Id.* at 202, 111 S.Ct. at 610. There is no question that the law imposed a duty on the appellants. That duty consisted of compliance with the relevant tax laws.[5] The knowledge requirement, however, is more elusive. *Cheek* instructs that the government must carry the burden of proving that appellants knew of the duty imposed by the law, "[b]ut carrying this burden requires negating a defendant's claim of ignorance of the law or a claim that because of a misunderstanding of the law, he had a good-faith belief that he was not violating any of the provisions of the tax laws." *Id.* at 202, 111 S.Ct. at 611. Here the appellants conceded that the disputed income should have been accounted for, but claimed confusion and mistake as to whether and on what return it had been reported.[6]

The *Cheek* case clearly articulates the requirements of a good-faith defense to the crime of filing false tax returns, and as such serves as the basis for determining the sufficiency of jury instructions. "A refusal to give a requested theory of defense instruction is reversible error only if the requested

(11th Cir.1993). Moreover, the trial court specifically directed that objections following the reading of the instructions should be limited to those dealing with errors in the actual recitation. The court noted that all other objections were already on the record and preserved for appeal. R6–931–32.

4. The government's brief asserts that the defense of good faith is not applicable here, as "[t]his question has nothing to do with the understanding or lack of understanding of the tax laws." Government Brief at 19–20. The government misunderstands the good-faith defense. It is a complete defense to the crime of filing a false tax return to make a good-faith mistake in the return or to have a good-faith belief that the tax laws have been satisfied. *See Cheek v. United States*, 498 U.S. 192, 202, 111 S.Ct. 604, 610–11, 112 L.Ed.2d 617 (1991). The appellants presented evidence of their good-faith belief that they had complied with the tax laws when they filed their personal and business returns, as discussed

above. A later audit by the IRS disclosed that income that should have been accounted for on their *personal* returns had not been. However, this revelation is not irreconcilable with the appellants' good-faith defense that all income had been correctly (e.g., in accordance with law) reported on *some* return.

5. Specifically, appellants were obliged to file returns that they believed to be correct; that is, in substantial compliance with the tax laws. Section 7206(1) makes it a crime to violate that duty by filing a return which the taxpayer "does not believe to be true and *correct* as to every material matter...." 26 U.S.C. § 7206(1) (emphasis added).

6. The parties agreed at oral argument that proper accounting practice would have dictated that the rebates be included in the accounts of the entity/business installing the gas appliance and reflected as a reduction in the cost of the dwelling.

instruction '(1) was correct, (2) was not substantially covered by the court's charge to the jury, and (3) dealt with some point in the trial so important that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense.' " *United States v. Camejo*, 929 F.2d 610, 614 (11th Cir.1991) (quoting *United States v. Benz*, 740 F.2d 903, 910 (11th Cir.1984), *cert. denied*, 474 U.S. 817, 106 S.Ct. 62, 88 L.Ed.2d 51 (1985)). We next examine each of these requirements in the context of this case.

### 1. Accuracy of Requested Instructions

 The appellants requested the following instruction on good faith:

The general rule in this country is that ignorance of the law or a mistake of law is not a defense to a criminal prosecution. However, because of the passage of numerous tax statutes and regulations, it has sometimes become difficult for the average citizen to know and understand the extent of the duties and obligations imposed by the tax laws.

Congress has made specific intent to violate the law an element of the offense of filing a false tax return. This special treatment of criminal tax offenses is due to the complexity of the tax laws.

"Willfullness" [sic] is an element of each of the charges contained in the indictment. The government, as to each count of the indictment, must prove that each of the defendants knew that the law placed a duty on him and that he voluntarily and intentionally violated that duty.

In this case, each defendant has asserted that he misunderstood the law and had a good faith belief that he was not violating any provision of the tax laws.

The question of whether each defendant knew they were [sic] filing false tax returns and whether each defendant had a good faith belief that he was not violating the tax laws is a question for you, the jury, to decide.

Appellant Briggs's Brief, Attach. E (citing *Cheek v. United States*, 498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991)). Though somewhat argumentative, the appellants' requested instruction was a substantially correct statement of the current law.[7]

 Accuracy in a requested instruction on a theory of defense requires that there be some basis both in law and in the evidence to support the instruction. *See Orr*, 825 F.2d at 1542; *Gold*, 743 F.2d at 819. Since a good-faith mistake or belief is a complete defense to the crime of filing a false tax return, *Cheek*, 498 U.S. at 202, 111 S.Ct. at 610–11, there is a sufficient basis in law to support the appellants' request. In addition, "[t]he law is clear that 'the defendant "is entitled to have presented instructions relating to a theory of defense for which there is *any foundation* in the evidence, even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility." ' " *United States v. Opdahl*, 930 F.2d 1530, 1535 (11th Cir.1991) (quoting *United States v. Lively*, 803 F.2d 1124, 1126 (11th Cir.1986) (quoting *United States v. Young*, 464 F.2d 160, 164 (5th Cir.1972))) (emphasis in *Lively*). Here there was sufficient evidence to support the appellants' asserted good-faith defense, and the instruction itself was a substantively correct statement of law.[8]

---

7. We have held that while a requested instruction which is substantively correct must be given, it need not be given in the requested language. Nevertheless, the obligation to give a proper instruction is not defeated by the language used by the requesting party. "A trial court is not bound to use the exact words and phrasing requested by defense counsel in its jury charge, and this Court, in reviewing the charge, need only ascertain whether the charge, when viewed as a whole, fairly and correctly states the issues and the law." *United States v. Gonzalez*, 975 F.2d 1514, 1517 (11th Cir.1992).

8. The government asserts in its brief that the district court found that the requested instruction was an incorrect statement of the law. This contention is one of several misleading or incorrect factual assertions in the government's brief. In deciding not to give the appellants' requested instructions, the trial court stated it is "not that I don't feel that there is an accurate reflection of the law, ... but I don't think that what is proposed in the instructions leaves out anything that is contained in yours." R6–874. Our reading of the record indicates that the district court found that the requested charge was a correct statement of the law, or at least that it was not an incorrect statement, but decided not to give it on

### 2. Adequacy of District Court's Instructions

The district court proffered the following instruction, in relevant part:

> Title 26 of the United States Code, section 7206 makes it a Federal crime or offense for anyone to *willfully* make and subscribe any tax return under penalty of perjury with the belief that the return is not true and correct as to every material matter. Now, a defendant can be found guilty of this offense only if all of the following facts are proved beyond a reasonable doubt.
>
> First, that the defendant made and subscribed a tax return with the belief that every material matter was not true and correct as charged in the indictment. And, second, that the return contains a written declaration that it was made under penalty of perjury. And, third, that the defendant made and subscribed the return willfully as charged.
>
> Now, it is not necessary that the Government be deprived of any tax by reason of the false return, only that the defendant willfully made the return under the belief that the information contained therein was not true and correct.
>
> &ast; &ast; &ast; &ast; &ast; &ast;
>
> Now, the word *knowingly* as that term has been used from time-to-time in the instructions means that the act was done voluntarily and intentionally and not because of mistake or accident. Now, the word *willfully* means that the act was committed voluntarily and purposely with the specific intent to do something that the law forbids, that is, with bad purpose either to disregard or disobey the law.

R6–971–72 (emphasis added). Although the trial court's instruction was correct, as a matter of law in each individual element, we find that as a whole it failed to adequately convey the properly asserted good-faith defense on which appellants relied.

In determining the sufficiency of the jury charge in any given case, we look to a variety of factors. It is particularly important that the jury instructions be clear and unambiguous. A defendant is "entitled to have the case submitted to the jury in a manner which [will] enable the jury fairly to consider his proffered defenses." *United States v. Banks*, 942 F.2d 1576, 1580–81 (11th Cir.1991). "We have repeatedly held that 'a defendant is entitled to a charge which precisely and specifically, rather than merely generally or abstractly, points to the theory of his defense.'" *United States v. Lewis*, 592 F.2d 1282, 1286 (5th Cir.1979) (quoting *United States v. Wolfson*, 573 F.2d 216, 221 (5th Cir.1978)).

We are persuaded that consideration of the totality of the circumstances here compels the conclusion that the appellants' theory of defense was inadequately conveyed by the instructions delivered. Several factors lead us to this conclusion. First, in defining the elements of the crime, the court used the term "willfully," but not "knowingly." This was not an incorrect statement of the law in itself. Later in the instructions, however, the court defined the term "knowingly" as meaning "that the act was done voluntarily and intentionally and not because of mistake or accident." R6–972. The only mention of mistake or accident in the relevant portion of the charge is found in the definition of "knowingly." However, that term was not part of the court's definition of the crime itself; therefore, the jury, under these instructions, was not adequately directed to consider the appellants' mistake-of-law-or-fact defense.[9]

The second factor rendering these instructions inadequate is the *Cheek* requirement that the good faith of a defendant in this type of case need not be objectively reasonable. This principle represents a notable departure from the more traditional crime, where mistake of the law is no de-

---

the basis that the instructions actually given were sufficient to cover the good-faith defense.

**9.** The government relies heavily on the fact that the mistake theory was presented to the jury. In the form given by the judge, however, the term

"knowingly," and hence the mistake element, was not part of the crime. This omission further supports the conclusion that the given instruction was inadequate.

fense.[10] The instruction does not make clear that a good-faith belief by the appellants that they were complying with the tax laws, whether or not objectively reasonable, negates the specific intent element of the crime. Although there is no requirement in this circuit that jury instructions specifically note that a good-faith defense need not be objectively reasonable, when viewed as a whole the charge here is insufficient to convey the permissible breadth of the appellants' *Cheek* good-faith defense.

### 3. Prejudice to Appellants

 Finally, we consider whether the omission prejudiced the defendants. Here, we are persuaded that such material prejudice occurred. The only element of the crime appellants contest is their specific intent. They assert that, due to a good-faith mistake and belief that they were obeying the tax laws, they lacked the requisite intent. The appellants' entire defense is compromised without an adequate instruction on their good-faith theory of defense. The prejudice is amplified in a case where, as here, the evidence against the appellants is limited and circumstantial, while there is substantial evidence supporting the proffered defense. Hence, the totality of the circumstances leads us to conclude that the instructions actually given by the trial court were inadequate, and the refusal to provide a specific instruction on the *Cheek* good faith defense was reversible error.[11]

### III. CONCLUSION

The evidence against appellants in this case was sufficient to allow a reasonable jury to find them guilty beyond a reasonable doubt. The good-faith defense instruction requested by the appellants was, under *Cheek*, proper in this false-filing case. Such a defense permits a good-faith mistake or belief to serve as a complete defense to this specific intent crime, regardless of the objective reasonableness of the belief or mistake. The actual instruction given by the district court was insufficient to reflect the full breadth of this defense, thus denying the appellants the opportunity for the jury to properly consider their only defense to the crime. Since the appellants presented evidence sufficient to support such an instruction, it was error for the trial court to refuse to give the requested instruction, or another one sufficiently similar, to convey the appropriate elements of the defense. We, therefore, REVERSE appellants' conviction and REMAND to the district court for further proceedings consistent with this opinion.

---

**10.** *See, e.g., Liparota v. United States,* 471 U.S. 419, 441, 105 S.Ct. 2084, 2096, 85 L.Ed.2d 434 (1985) (White, J., dissenting); *Lambert v. California,* 355 U.S. 225, 228, 78 S.Ct. 240, 242, 2 L.Ed.2d 228 (1957); *Shevlin–Carpenter Co. v. Minnesota,* 218 U.S. 57, 68, 30 S.Ct. 663, 666, 54 L.Ed. 930 (1910); *Reynolds v. United States,* 98 U.S. 145, 167, 25 L.Ed. 244 (1878); *Barlow v. United States,* 7 Pet. 404, 411, 8 L.Ed. 728 (1833); *United States v. Smith,* 5 Wheat. 153, 182, 5 L.Ed. 57 (1820) (Livingston, J., dissenting).

**11.** This finding moots any error in the sentencing phase of the trial. Hence, we do not consider the appellants' third argument.