[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 11 2007
THOMAS K. KAHN
CLERK

————

No. 06-14070

————

D. C. Docket No. 04-00244 CR-J-32-TEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUSSELL LEE PARKER, JR.,
a.k.a. J.R. Parker,

Defendant-Appellant.

————

Appeal from the United States District Court
for the Middle District of Florida

————

**(June 11, 2007)**

Before DUBINA and BLACK, Circuit Judges, and RESTANI,* Judge.

PER CURIAM:

———————————
*Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

Appellant Russell Lee Parker, Jr. ("Parker") appeals his convictions for conspiracy to defraud, in violation of 18 U.S.C. § 371; mail fraud, in violation of 18 U.S.C. §§ 1341 and 2; and wire fraud, in violation of 18 U.S.C. §§ 1343 and 2. After a first trial ended in a hung jury, a second jury found Parker guilty on all counts. The district court sentenced Parker to 156 months in the federal penitentiary. He then perfected this appeal.

The following issues are presented for appellate review: (1) whether the evidence was sufficient to sustain Parker's convictions; (2) whether the district court erred in denying Parker's motion for new trial; and (3) whether Parker was denied a fair trial as a result of the cumulative effect of errors attributable to the prosecutor and the district court.

This court reviews the sufficiency of the evidence *de novo*. *United States v. Morris*, 20 F.3d 1111, 1114 (11th Cir. 1994). The denial of a motion for a new trial based on newly discovered evidence is reviewed for abuse of discretion. *United States v. Noriega*, 117 F.3d 1206, 1217 (11th Cir. 1997). However, where the prosecution knew or should have known of material false testimony, review is *de novo*. *Occhicone v. Crosby*, 455 F.3d 1306, 1308-09 (11th Cir. 2006).

Issues and arguments raised for the first time on appeal are subject to review for plain error only. *United States v. Olano*, 507 U.S. 725, 732-33, 113 S. Ct. 1770, 1777 (1993).

A claim of prosecutorial misconduct presents a mixed question of law and fact and is reviewed *de novo*. *United States v. Delgado*, 56 F.3d 1357, 1363 (11th Cir. 1995). Reversal is warranted only if the conduct was improper and if that improper conduct "prejudiced the defendant's substantive rights." *Id.*

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we conclude that there is no merit to any of the arguments Parker makes in this appeal. Accordingly, we affirm his convictions.

**AFFIRMED.**