[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 28, 2012
JOHN LEY
CLERK

_____

No. 10-14228

_____

D. C. Docket No. 1:08-cr-00327-CG-B-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

A. SAMUEL KELLEY, II,

Defendant-Appellant.

_____

No. 10-14560

_____

D.C. Docket No. 1:08-cr-00327-CG-B-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JASON R. KELLEY,

Defendant-Appellant.

_____

No. 10-14791

_____

D.C. Docket No. 1:08-cr-00327-CG-B-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JODI C. SILVIO,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Alabama

_____

(March 28, 2012)

Before DUBINA, Chief Judge, COX, Circuit Judge and GOLDBERG,[*] Judge.

---

[*]Honorable Richard W. Goldberg, United States Court of International Trade Judge, sitting by designation.

PER CURIAM:

Samuel Kelley, Jason Kelley, and Jodi Silvio (collectively "Appellants") were convicted by a jury for conspiring to distribute and dispense anabolic steroids—a controlled substance—outside the usual course of professional practice and without a legitimate medical purpose, in violation of 21 U.S.C. § 846; illegally distributing anabolic steroids to both adults and persons under the age of 21, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a) and 859(a); money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i); and money laundering conspiracy, in violation of 18 U.S.C. § 1956(h). Sam Kelley and Jason Kelley were sentenced to 120 months' imprisonment, followed by four years of supervised release, while Silvio was sentenced to 78 months' imprisonment, followed by three years of supervised release. Appellants urge reversal of their convictions because they contend (1) there was insufficient evidence to support their convictions on each charge; (2) the district court improperly denied Samuel Kelley's motion for severance; (3) the district court incorrectly ruled on various evidentiary issues; (4) the district court improperly rejected their requested jury instructions; (5) the prosecutor's remarks during the opening and closing statements were improper; and (6) the district court abused its discretion in

3

denying their motion for a mistrial or a new trial. For the foregoing reasons, we reject the Appellants' arguments and affirm their convictions.

I.

Sam Kelley was the President and Chief Executive Officer of Applied Pharmacy Services ("Applied"), Jason Kelley was the Chief Operating Officer and Treasurer, and Silvio was a part-time pharmacist, part-owner, and Secretary. Applied was a compounding pharmacy that combined drug ingredients to create patient-specific medications that were not commercially available. At trial, the Government presented evidence that Applied filled steroid prescriptions for clients who wished to become more muscular. Evidence was also presented that Sam and Jason Kelley facilitated those transactions by cultivating relationships with doctors who were willing to prescribe steroids for no legitimate medical purpose and with salesmen who pursued high volume sales without regard to actual medical need. Between March 2003 and August 2006, Applied illegally dispensed a significant amount of anabolic steroids from its base in Mobile, Alabama, to recipients across the country. As a result of these relationships and sales, Applied became very profitable, and Appellants were compensated with monthly dividends of approximately $500,000 for Jason Kelley and Silvio and approximately $1,000,000 for Sam Kelley. The Government presented evidence that Applied

continued its suspect steroid dispensing practices despite warnings from the Alabama Board of Pharmacy and the United States Drug Enforcement Agency.

Steroids are a regulated Schedule III controlled substance under federal law—they have some accepted medical uses with a moderate potential for abuse. Some types of steroids are approved only for use in animals and must be prescribed by a licensed veterinarian. Because steroids are a controlled substance, pharmacists bear a responsibility to ensure the drugs are properly prescribed and dispensed. A pharmacist can legally dispense steroids only if a physician acting in the usual course of professional practice issues a prescription for a legitimate medical purpose. A pharmacist who fills a prescription knowing it is invalid is in violation of the controlled substance laws.

## II.

Challenges as to the sufficiency of the evidence are reviewed *de novo*, with this court viewing the evidence "in the light most favorable to the government, with all inferences and credibility choices drawn in the government's favor." *United States v. Garcia-Bercovich*, 582 F.3d 1234, 1237 (11th Cir. 2009) (internal quotation marks omitted) *cert. denied*, 130 S. Ct. 1562 (2010). A district court's denial of a motion to sever will not be reversed absent a "clear abuse of

discretion." *United States v. Chavez*, 584 F.3d 1354, 1360 (11th Cir. 2009) *cert. denied*, 131 S. Ct. 436 (2010).

This court reviews a district court's evidentiary rulings for abuse of discretion. *United States v. Perez-Oliveros*, 479 F.3d 779, 783 (11th Cir. 2007). However, where Appellants fail to contemporaneously object to an evidentiary ruling, this court will review the ruling for plain error. *United States v. Turner*, 474 F.3d 1265, 1275 (11th Cir. 2007). Finally, this court will review *de novo* whether an evidentiary ruling violated a constitutional guarantee. *United States v. Sarras*, 575 F.3d 1191, 1210 n.24 (11th Cir. 2009).

This court reviews the district court's denial of a requested jury instruction for abuse of discretion. *United States v. Morris*, 20 F.3d 1111, 1114 (11th Cir. 1994). Appellants timely objected to the prosecutor's remarks during closing argument; therefore, the propriety of those remarks will be reviewed *de novo*. *See United States v. Schmitz*, 634 F.3d 1247, 1259 (11th Cir. 2011). Because Appellants did not timely object to the prosecutor's remarks during the opening statement, we will review the propriety of those remarks for plain error. *Id*. This court reviews a district court's denial of motions for a mistrial and for a new trial for abuse of discretion. *See Chavez*, 584 F.3d at 1362; *United States v. Hunt*, 526 F.3d 739, 744 n.1 (11th Cir. 2008).

Lastly, this court reviews the district court's denial of a requested jury instruction for abuse of discretion. *United States v. Morris*, 20 F.3d 1111, 1114 (11th Cir. 1994). The refusal to give a certain jury instruction is reversible error only if "(1) the requested instruction was a correct statement of law, (2) its subject matter was not substantially covered by other instructions, and (3) its subject matter dealt with an issue in the trial that was so important that failure to give it seriously impaired [Appellants'] ability to defend [themselves]." *United States v. Dean*, 487 F.3d 840, 847 (11th Cir. 2007) (per curiam).

III.

A. *Sufficiency of the Evidence*[1]

i. *Distributing and Conspiring to Distribute Anabolic Steroids*

In order to establish the Appellants engaged in a conspiracy to distribute steroids, the Government must have presented sufficient evidence that there was an agreement between two or more people to unlawfully dispense steroids outside the

---

[1]Jason Kelley attempts to adopt Sam Kelly's sufficiency of the evidence argument with regard to the distributing and conspiracy to distribute a controlled substance counts; however, this court has stated that "[s]ufficiency arguments . . . are too individualized to be generally adopted." *United States v. Cooper*, 203 F.3d 1279, 1285 n.4 (11th Cir. 2000). Therefore, we will not consider any sufficiency argument on these counts as to Jason Kelley because he did not properly raise this issue on appeal. *See id.* With regard to the money laundering and conspiracy to commit money laundering counts, Sam Kelley and Jodi Silvio adopted Jason Kelley's arguments on the sufficiency of the evidence. The Government conceded that Sam Kelley and Silvio could adopt Jason Kelley's arguments on the sufficiency issue. See, e.g., United States v. Garcia, 405 F.3d 1260, 1269 n.7 (11th Cir. 2005).

7

usual course of professional practice for no legitimate medical purpose and that each person willfully joined the plan knowing its unlawful purpose. *See generally United States v. Smith*, 289 F.3d 696, 706 (11th Cir. 2002). The Government presented testimony from businessmen, salesmen, and doctors stating that they each developed a relationship with Applied through either Sam Kelley or Jason Kelley in order to send prescriptions for steroids to Applied for clients who had no medical need for them. The Government was able to show that each of the Appellants' actions facilitated the common goal of the steroids distribution conspiracy. *See United States v. Richardson*, 532 F.3d 1279, 1284–86 (11th Cir. 2008) (holding that in order to establish a single conspiracy, the government must demonstrate a common goal, the nature of the underlying scheme, and the overlap of participants.). The Government also presented evidence to rebut Sam Kelley's defense that he was simply a detached Chief Executive Officer who did not participate in, or have knowledge of, Applied's illegal activities. Viewing this evidence in the light most favorable to the Government, we affirm Sam Kelley's conviction on this count because a rational trier of fact could have found the essential elements of the offense established beyond a reasonable doubt. *Garcia-Bercovich*, 582 F.3d at 1237.

The same evidence that supports a conspiracy to distribute steroids also supports Sam Kelley's conviction for aiding and abetting steroid distribution. In order to determine guilt of an aiding and abetting offense, the trier of fact must "determine whether a substantive offense was committed by someone, whether there was an act by [Sam Kelley] which contributed to and furthered the offense, and whether [Sam Kelley] intended to aid its commission." *United States v. Jones*, 913 F.2d 1552, 1558 (11th Cir. 1990). The Government presented evidence that Sam Kelley increased Applied's business by providing assurances that Applied would liberally fill steroids prescriptions, signed paychecks to salesmen who sold steroids to many of Applied's under age-30 customers, rewarded employees for record sales, and made attempts to conceal from investigators Applied's business of dispensing large quantities of veterinary steroids that were not approved for human use. This evidence was sufficient for a rational trier of fact to have found that the Government established the essential elements of the offense of aiding and abetting the distribution of steroids beyond a reasonable doubt. *Garcia-Bercovich*, 582 F.3d at 1237.

ii. *Promotion Money Laundering*

In order to sustain a conviction for promotion money laundering, the Government must have presented sufficient evidence that (1) Appellants

"conducted or attempted to conduct a financial transaction;" (2) with the knowledge that "the property involved in the transaction represented the proceeds of unlawful activity; (3) the property involved was in fact the proceeds of the specified unlawful activity;" and (4) the financial transactions were conducted "with the intent to promote the carrying on of the specified unlawful activity." 18 U.S.C. § 1956(a)(1)(A)(i); *see also United States v. Calderon*, 169 F.3d 718, 721 (11th Cir. 1999) (internal quotation marks omitted). The monthly dividend payment to Applied shareholders—including between $500,000 and $1,000,000 to Appellants—formed the basis for each substantive count charged under this statute. Sam Kelley contends that the Government did not present sufficient evidence to establish that the dividend payments were intended to promote Applied's steroid distribution activity, which generated the unlawful proceeds.

The Government presented sufficient evidence that the monthly dividend payments were designed to give the principal players in the steroid distribution scheme an incentive to continue their activities despite the risks inherent in such activity. *See United States v. Williamson*, 339 F.3d 1295, 1301–02 (11th Cir. 2003). Contrary to Appellants' argument, there is no requirement that the funds were reinvested into the illegal activity from which they came. *See, e.g., United States v. Carcione*, 272 F.3d 1297, 1302–03 (11th Cir. 2001). Therefore, we

10

conclude that the Government presented sufficient evidence to sustain Jason Kelly, Jodi Silvio, and Sam Kelley's convictions for promotion money laundering.

      iii. *Money Laundering Conspiracy*

A conspiracy count charging multiple objects will not be overturned simply "because one of the possible bases of conviction [is] . . . unsupported by sufficient evidence." *Griffin v. United States*, 502 U.S. 46, 56, 112 S. Ct. 466, 472 (1991). The jury returned a general verdict of guilty as to the conspiracy count, which "stands if the evidence is sufficient with respect to any one of the acts charged." *Id.* at 56–57, 112 S. Ct. at 473. The Government presented two bases for the conspiracy charge: the dividend payments to Sam Kelley, Jason Kelley, and Silvio; and the commission payments to a salesman, Brett Branch, and his company, Infinite Health. Applied paid Branch a car allowance and approximately $68,000 in commissions for steroids sales between 2005 and 2006. Additionally, Sam Kelley and Jason Kelley wrote checks to Branch, and the prospect of earning more commissions spurred Branch to continue participating in the scheme. This is a legally valid basis for the conspiracy conviction, and it is supported by sufficient evidence. We affirm Appellants' convictions on this charge.

      B. *Motion for Severance*

11

In order for Sam Kelley to prevail upon his request for a new trial due to the district court's denial of his motion to sever his trial from Jason Kelley and Silvio, he bears "the heavy burden of demonstrating the lack of a fair trial due to actual, compelling prejudice" that is "beyond the curative powers of a cautionary instruction." *Chavez*, 584 F.3d at 1360. Sam Kelley has not sustained his burden. Accordingly, we conclude from the record that the district court did not abuse its discretion in denying Sam Kelly's motion for severance.

C. *Evidentiary Rulings*

Appellants raise numerous allegations of evidentiary error by the district court: the refusal to allow cross-examination of Lisa Yanoff after questioning by the court; the refusal to allow Sam Kelley to introduce portions of recorded phone calls or related phone calls to those introduced by the Government pursuant to Federal Rule of Criminal Procedure 106; the preclusion of references to Kelley Tucker's previous criminal convictions due to the overly prejudicial nature of the evidence; the preclusion of defense witness Steve Burkow's testimony regarding Applied's practices in 2008; the exclusion of defense expert David Brushwood; the admission of Jeffrey Weiser's testimony regarding communications between him and Sam Kelley; the admission of evidence of Appellant Jason Kelley's personal use, possession, or distribution of recreational drugs, which were controlled

12

substances,[2] under Rule 404(b); and the admission of testimony from Government experts Dr. Gary Wadler and Paul Doering. We see no abuse of discretion in the district court's disposition of these issues; therefore, we summarily affirm the district court's evidentiary determinations.

Sam Kelley and Jason Kelley argue that the district court violated the Confrontation Clause of the Constitution by allowing Agent Craig Underwood to testify to out-of-court statements by co-defendants Robin Kelley and Mallory Mallon—pharmacists at Applied. The Confrontation Clause "is violated when a facially incriminating statement of a non-testifying co-defendant is offered into evidence at a joint trial." *United States v. Taylor*, 186 F.3d 1332, 1335 (11th Cir. 1999) (per curiam). The statements proffered by Agent Underwood did not directly implicate either Sam Kelley or Jason Kelley. The statements would be incriminating only after being linked with other evidence regarding the doctors' prescription practices; therefore, we conclude that there was no violation of the Confrontation Clause. *See United States v. Arias*, 984 F.2d 1139, 1142–43 (11th Cir. 1993).

D. *Requested Jury Instructions*

---

[2]The district court admitted the evidence of Jason Kelley's personal recreational drug use only as to Jason Kelley and gave a limiting instruction. On appeal, only Sam Kelley challenges the admission of this evidence.

Appellants allege that the district court erred by not giving the requested good faith defense jury instruction. Appellants also contend that the district court erred by not instructing the jury pursuant to the heightened standard for willfulness. Because they were charged with knowingly aiding and abetting the violation of the Controlled Substances Act through invalid prescriptions, the Appellants assert that the district court should have used the pattern instruction that requires the defendant to have a particularized knowledge of the law being violated.

The charge that the court gave substantially covered the good faith defense and correctly articulated the knowledge and intent requirements for the drug conspiracy and drug distribution counts. *See United States v. Hill*, 643 F.3d 807, 853 (11th Cir. 2011) (finding that the defendant's requested instruction on good faith was covered in the instructions on the element of the crime and the definitions of the required state of mind). The district court's failure to give the requested charge did not seriously impair Appellants' ability to present an effective defense. Accordingly, we conclude that the district court did not abuse its discretion by failing to give Appellants' requested instruction that was not legally correct.

E. *Prosecutor's Challenged Remarks*

In order for the prosecutor's remarks during opening statement and closing arguments to adversely affect the Kelleys' substantial rights, her remarks must have

14

suggested to the jury that "an uncalled witness would have corroborated another witness's testimony on an important point." *United States v. Hands*, 184 F.3d 1322, 1333 (11th Cir. 1999). Because the prosecutor did not say what these witnesses would have said in their testimony, the comments were not improper.

Appellants also challenge the prosecutor's remarks in her rebuttal argument. Her remarks, in context, did not affect the Kelleys' substantial rights. Even if they did, the district court sufficiently instructed the jury at the outset of the trial, during the trial, and in its final charge that the jury was to base its verdict solely on the evidence presented and that the lawyers' arguments were not evidence. Accordingly, there was no error.

F. *Motions for Mistrial and a New Trial*

Appellants assert that a mistrial was warranted because the prosecutor improperly commented on Sam Kelley's failure to testify by asking an Applied employee whether it would be true if Sam said that he did not know what was going on in Applied's business. This question would infringe Sam's rights only if it was manifestly intended to highlight his failure to testify or if the jury necessarily understood it to do so. *United States v. Knowles*, 66 F.3d 1146, 1162–63 (11th Cir. 1995). The question did neither. Nonetheless, the district court sustained Sam Kelley's objection to the prosecutor's question. Appellants further contend that the

information the Government obtained by performing a search of Applied's computers was not attributed to any one defendant, so it prejudiced all of them and should not have been admitted into evidence. The district court determined that any failure to tie specific searches to a particular defendant went to the weight of the evidence, not its admissibility.

Additionally, Appellants take issue with the district court's admission of Dr. Levine's testimony as it related to co-defendant Mallory Mallon. The testimony was relevant and probative as to Mallon and as to the case as a whole given the evidence on Levine's steroids-dispensing practices. This court agrees that the district court did not err by not giving a limiting instruction with respect to Dr. Levine's testimony; however, if it did err, it was harmless error in light of the overwhelming evidence of guilt.

Lastly, Appellants argue that they are entitled to a new trial based on the cumulative effect of trial errors. A review of the record does not reveal any errors so there can be no cumulative effect of trial errors. Accordingly, the district court did not abuse its discretion in denying the motion for new trial.

IV.

For the foregoing reasons, we affirm the Appellants' convictions.

**AFFIRMED.**