HAYNES, Circuit Judge,
concurring in the judgment:
Undoubtedly, the better part of valor for a district court faced with proposed jury instructions that are not inaccurate and that are requested by both sides is to give those instructions. But the failure to do so is not automatically an abuse of discretion. The district court was entitled to “broad discretion in framing the instructions to the jury,” United States v. McKinney, 53 F.3d 664, 676 (5th Cir.1995), and we are not supposed to conclude that the district court has abused that discretion unless the instructions, as a whole, create “substantial and ineradicable doubt whether the jury has been properly guided in its deliberations,” United States v. Demmitt, 706 F.3d 665, 675 (5th Cir.2013). Because I conclude this high hurdle has not been jumped by the Montgomerys, I cannot join in the entirety of the majority opinion.
The majority opinion concludes that the district court erred because it did not advise the jury that a defendant’s good-faith misunderstanding of tax law may be objectively unreasonable. See Cheek v. United States, 498 U.S. 192, 202, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991). Cheek, however, did not mandate any particular language for conveying the general concept of good faith to the jury, and the district court did so convey that here, instructing the jury that it must acquit a defendant who believed in good faith that he was acting lawfully. The instructions stated: “If you find that a defendant acted in good faith, you must acquit that defendant because his good faith is inconsistent with his having the intent to defraud or to violate the law.” The instructions therefore generally address any good-faith belief, even an unreasonable one, held by a defendant and, taken as a whole, do not misstate the issues or the law. See McKinney, 53 F.3d at 676.
Moreover, we have previously held that a district court is not even required to include a specific instruction on good faith, where, as here, “it adequately instructed the jury on the meaning of willfulness.” United States v. Simkanin, 420 F.3d 397, 411 (5th Cir.2005); see also United States v. Pomponio, 429 U.S. 10, 13, 97 S.Ct. 22, 50 L.Ed.2d 12 (1976). Under Simkanin, the district court could therefore have declined to instruct the jury on a defendant’s good-faith belief altogether and that decision would have been within its discretion. 420 F.3d at 411. I fail then to see how the district court’s decision to instruct the jury on a defendant’s good-faith belief generally, but not expressly address the “unreasonable” good-faith belief, could constitute an abuse of discretion.
Relying in part on United States v. Morris, 20 F.3d 1111, 1118 (11th Cir.1994), the majority opinion concludes that the district court’s jury instructions “risked implying that the Montgomerys could not be acquitted on the basis of good faith unless their views were objectively reasonable.” However, Morris simply addressed the same circumstances as those presented in Sim-kanin, where a district court instructed a jury on willfulness but not on good faith. Id. at 1117. Although the Eleventh Circuit in Morris held that the district court’s instructions were inadequate because they did not “make clear that a good-faith belief ... negates the specific intent element of the crime,” id. at 1118, we are bound by our holding in Simkanin, 420 F.3d at 411.
Moreover, the Eleventh Circuit in Morris acknowledged that “there is no requirement in this circuit that jury instructions *315 specifically note that a good-faith defense need not be objectively reasonable.” 20 F.3d at 1118. Yet, that is precisely what the majority opinion concludes is required here. The majority opinion’s speculation on what the jury might have thought “good faith” means has no anchor in any relevant case law or the record here.[1] Whatever the “risks,” our task is to determine whether the district court’s jury instructions, taken as a whole, incorrectly reflected the issues and the law. See McKinney, 53 F.3d at 676. They did not. Given that our review is for abuse of discretion, I cannot conclude that the district court’s jury instructions constituted such an abuse. See United States v. Roussel, 705 F.3d 184, 190 (5th Cir.2013).[2]

. The cases cited by the majority opinion for the proposition that “good faith is equated with reasonableness” are neither tax cases nor jury instruction cases. They also do not support the conclusion that this jury might be confused about what "good faith” encompasses here. It is unlikely that a jury is regularly perusing Black's Law Dictionary or cases analyzing unrelated federal and Texas statutes, the only references cited by the majority opinion for this point.

. I agree with the majority opinion that if there is any error, it is harmless considering the evidence in this case.