[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11708

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DAMIAN SIERRA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:20-cr-00026-WFJ-JSS-1

_____

Before JILL PRYOR, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Damian Sierra appeals his conviction for possessing 500 grams or more of cocaine with the intent to distribute. He argues that the government presented insufficient evidence to support the jury's findings that he knew of and intended to distribute the cocaine. Sierra also contends that the district court abused its discretion by refusing to instruct the jury on the lesser included offense of simple possession of cocaine. On both points, we disagree. The evidence presented at trial supporting Sierra's guilt is extensive. The district court also acted within its discretion by refusing to instruct the jury on the lesser included offense of simple possession.

## I.

When reviewing a challenge to the sufficiency of the evidence, we conduct a *de novo* review, weighing the evidence in the light most favorable to the government and resolving all reasonable inferences in favor of the verdict. *United States v. Jiminez*, 564 F.3d 1280, 1284 (11th Cir. 2009). The jury's guilty verdict must be affirmed unless there is no reasonable construction of the evidence from which the jury could have found the defendant guilty beyond a reasonable doubt. *United States v. Foster*, 878 F.3d 1297, 1304 (11th Cir. 2018). A defendant must do more than put forth a reasonable hypothesis of innocence to rebut the government's

evidence "because the issue is whether a reasonable jury could have convicted, not whether a conviction was the only reasonable result." *United States v. Cruickshank*, 837 F.3d 1182, 1188 (11th Cir. 2016).

To obtain a conviction for possession of a controlled substance with intent to distribute, the government must prove beyond a reasonable doubt that the defendant: (1) knew that he possessed a controlled substance; (2) possessed the controlled substance; and (3) intended to distribute it. *United States v. Woodard*, 531 F.3d 1352, 1360 (11th Cir. 2008). Knowledge or intent may be proven by circumstantial evidence. *Id.* at 1309. For example, a jury may reasonably infer that a person caught in possession of a package containing large quantities of drugs knew of the presence of those drugs because it is unlikely that a "prudent smuggler" would entrust such valuable cargo to an innocent person without that person's knowledge. *United States v. Quilca-Carpio*, 118 F.3d 719, 721–22 (11th Cir. 1997). Similarly, "[i]ntent to distribute may be inferred from the quantity of cocaine seized." *United States v. Montes-Cardenas*, 746 F.2d 771, 778–79 (11th Cir. 1984).

In *United States v. Louis*, which Sierra relies on in support of his arguments on appeal, the defendant watched two men load boxes into the back seat of a car in a shipyard and then drove the car slowly toward the front gate. 861 F.3d 1330 (11th Cir. 2017). The defendant's employer walked alongside the car. *Id.* When the two men exited the shipyard, law enforcement agents stopped the car. *Id.* The defendant abandoned the car and fled on foot while the

agents searched the car, discovering 111 bricks of cocaine in two of the boxes. *Id.* We held that, although the defendant's presence and flight were evidence that he knew that he was participating in something criminal, the government failed to prove that the defendant knew the boxes contained a controlled substance. *Id.* at 1334.

The evidence presented at trial of Sierra's possession, knowledge, and intent to distribute the cocaine is extensive and goes well beyond that presented against the defendant in *Louis. See id.* Multiple law enforcement witnesses testified to the following facts. On February 1, 2019, a detective observed a black Chevy Silverado registered to Sierra pull up to a residence. Sierra was driving the truck, exited the vehicle carrying a blue gift bag, and met with another man. The man looked into the bag, then Sierra returned to the truck to grab a large, black garbage bag before joining the other man and entering the house. About half an hour later, Sierra exited the house and entered his truck, driving away.

Another officer stopped the truck at the request of a detective and checked the windows for excessive tint. Sierra was the driver and sole occupant of the vehicle. Other deputies joined the officer at the traffic stop. After a canine indicated drugs in Sierra's vehicle, the police searched the truck.

Within the vehicle, deputies found a Christmas gift bag on the floorboard. Inside the bag, deputies found a brick of narcotics wrapped in black duct tape, about eight inches long by five or six inches wide and two inches thick. They also recovered a notebook

and Western Union receipts from the front passenger seat of Sierra's car. A forensic chemist with the DEA later testified that the brick contained approximately 996.7 grams of powder cocaine.

As for the Western Union receipts, Gary Corbett, a Special Agent for the DEA testified that drug traffickers working in multiple countries will send money across borders in bulk electronic transfers, often through Western Union. He specifically stated that Western Union transfers allow drug traffickers to transmit these cash payments outside the banking system and avoid detection. He testified that drug traffickers will send multiple payments to various individuals to avoid exposing a co-conspirator with a single, large cash transfer. Receipts from Western Union show that Sierra sent three payments of $206, $204, and $206 to two recipients. Corbett also testified that the notebook discovered in Sierra's car appeared to be a ledger for drug transactions.

Based on this testimony, Sierra's claim that the evidence could not support a finding that he knew of the cocaine and that he intended to distribute it fails. The jury could reasonably infer Sierra's knowledge and intent to distribute from the quantity of the cocaine, its packaging, the circumstances of its discovery, and the testimony of DEA Special Agent Corbett. *See Quilca-Carpio*, 118 F.3d at 721−22; *Montes-Cardenas*, 746 F.2d at 778−79. Accordingly, we affirm the denial of Sierra's motion for judgment of acquittal.

## II.

The district court also did not abuse its discretion when it refused to instruct the jury on the lesser included offense of simple possession of cocaine. We review a claim that the district court omitted an instruction for an abuse of discretion. *United States v. Morris*, 20 F.3d 1111, 1114 (11th Cir. 1994). To establish that the district court abused its discretion in refusing to give the jury an instruction for a lesser included offense, a defendant must satisfy a two-part test: (1) he must show that the charged offense encompasses all the elements of the lesser offense, the "elements" test; and (2) he must establish that "the evidence would permit the jury rationally to acquit the defendant of the greater, charged offense and convict him of the lesser." *United States v. Whitman*, 887 F.3d 1240, 1246 (11th Cir. 2018) (quotation marks omitted). A lesser offense charge is not proper where, based on the evidence offered at trial, "the factual issues to be resolved by the jury are the same as to both the lesser and greater offenses." *United States v. Gumbs*, 964 F.3d 1340, 1349 (11th Cir. 2020) (quotation marks omitted).

Sierra is correct that the charged offense encompassed the elements of the lesser offense. To obtain a conviction for simple possession, the government must prove beyond a reasonable doubt that the defendant knowingly or intentionally possessed a controlled substance without authorization. 21 U.S.C. § 844; *see also United States v. Stone*, 139 F.3d 822, 834 (11th Cir. 1998) (stating that the elements for simple possession are "the knowing or intentional possession of any controlled substance not obtained by

a valid prescription" (emphasis omitted)). A conviction for possession with intent to distribute requires proof of each of the elements of possession and additional evidence of intent to traffic the controlled substance. *See Woodard*, 531 F.3d at 1360.

But Sierra cannot establish that the jury could rationally have convicted him of simple possession and, at the same time, acquitted him of intending to distribute the cocaine. *See Whitman*, 887 F.3d at 1246. As discussed above, a reasonable jury could infer from the government's evidence Sierra's knowledge of the cocaine and an intent to distribute it from the quantity, its packaging, and the circumstances of its discovery. On the other hand, nothing about Sierra's activities, the amount of the cocaine, or any other evidence suggested that Sierra possessed the cocaine for personal use. Accordingly, we affirm the denial of Sierra's requested jury instruction as to the lesser included offense of simple possession of cocaine.

## III.

Accordingly, the district court is **AFFIRMED**.